Rickey Lewis JAMES *v.* STATE of Arkansas

CR 86-23                                      712 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Williams Law Firm*, by: *Lynn Williams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant was charged with capital murder in 1983. The charge was reduced to first degree murder pursuant to a plea bargain and appellant entered a plea of guilty. He was sentenced to life imprisonment in the Arkansas Department of Correction. He subsequently filed a motion for transcript and wrote a letter to the circuit judge stating his intention to proceed under Criminal Procedure Rule 37 to vacate the guilty plea. The judge treated the motion and letter as a request for a hearing and appointed counsel to represent the appellant. Counsel filed an amended Rule 37 petition, alleging in essentially conclusory fashion that (1) appellant did not have a good working relationship with the attorney who represented him when he pleaded guilty, (2) his confession was not voluntary as it was made only to obtain the benefits of a plea bargain, (3) counsel's advice on the plea bargain was "overreaching," and (4) counsel failed to bring a prior felony conviction to the attention of the court and further failed to advise him on the effect of the prior conviction on his chances for parole. Appellant did not contend that he was in fact not guilty.

Immediately after the hearing on the petition convened, counsel informed the court that appellant wished to withdraw his petition because he feared that if he were successful in vacating the plea, the prosecutor would be free to charge him with capital felony murder which could result in a sentence of life without parole or death. The trial judge explained to appellant that Rule 37.2(b) provides that a petitioner may file only one petition under the rule, unless his original petition was denied without prejudice to filing a second petition. Despite the fact that appellant was not allowed to simply withdraw the petition and was fully informed that his petition would be dismissed with prejudice, appellant still persisted in his request that the petition be dismissed.

In 1985 appellant filed a second Rule 37 petition, this time contending that the State did not honor the plea bargain. His only support for the allegation was that the maximum sentence for first degree murder was imposed under the plea bargain. He did not assert that he was not guilty of first degree murder. The trial court denied the petition on the ground that appellant had already exhausted his remedy under Rule 37. Appellant brings this appeal.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a *pro se* brief within thirty days. *See* Rules of the Supreme Court, Rule 11(h), Ark. Stat. Ann. Vol. 3A (Supp. 1985). He did not file a brief. The State concurs that the appeal has no merit.

■■ This Court has consistently upheld the provision of Rule 37.2(b) by which a petitioner is limited to one petition for postconviction relief under the rule, unless the first petition was specifically denied without prejudice to filing a second petition. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Williams* v. *State*, 273 Ark. 315, 619 S.W.2d 628 (1981). The record clearly indicates that appellant voluntarily dismissed his original petition. His fear of a more severe sentence on retrial did not render his decision to dismiss the petition involuntary. *See Mitchell* v. *State*, 271 Ark. 512, 609 S.W.2d 333 (1980); *see also Ruiz* v. *State*, 275 Ark. 410, 630 S.W.2d 44 (1982).

If appellant had been found guilty by a jury of first degree murder, he could not have been tried for capital murder since capital murder is a greater degree of the same crime, *Fuller* v. *State*, 246 Ark. 704, 439 S.W.2d 801 (1969), *see also Green* v. *State*, 355 U.S. 184 (1957), but a petitioner who pleads guilty does not have the same protection. The petitioner who succeeds in having his plea overturned wipes the slate clean and begins anew.

■ When accepting appellant's guilty plea to first degree murder, it is obvious the trial judge could not have considered any greater charge. As a result, appellant was never in jeopardy of being convicted of capital murder. The acceptance of a guilty plea to an offense is not an implicit acquittal of all greater included offenses of the crime. *Klobuchir* v. *Pennsylvania*, 639 F.2d 966 (1981), *cert. denied*, 454 U.S. 1031 (1981). A petitioner who attacks his guilty plea is choosing to surrender whatever benefits he may have derived from his plea bargain. *See Hawk* v. *Berkemer*, 610 F.2d 445 (6th Cir. 1979); *United States* v. *Williams*, 534 F.2d 119 (8th Cir.) *cert. denied*, 429 U.S. 984 (1976). The State may charge him with whatever offense is appropriate under the facts of the case so long as the decision to

charge with a greater crime is not prompted by vindictiveness on the part of the prosecutor to retaliate against the defendant for successfully attacking his original conviction based on his guilty plea. *United States* v. *Williams, supra.*

■ The trial judge questioned appellant at considerable length about his desire to dismiss the petition and the consequences of that decision. Appellant did not allege in his second petition that he did not voluntarily and intelligently choose to dismiss the petition with prejudice, and there is nothing in the record from which we could find that the trial judge was wrong to decline to consider a subsequent petition. On appeal, we affirm the decision of the trial court unless it is clearly against the preponderance of the evidence. *Knappenberger* v. *State,* 283 Ark. 210, 672 S.W.2d 54 (1984).

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.

HOLT, C.J., not participating.