STATE OF NEBRASKA, APPELLEE, V. JUAN TREVINO, APPELLANT.
556 N.W.2d 638

Filed December 20, 1996.    No. S-96-322.

Michael J. Hansen, of Berry, Kelley, Hansen & Burt, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ., and CASSEL, D.J.

CAPORALE, J.

In *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988), we affirmed the convictions of the defendant-appellant, Juan Trevino, for various crimes, including the second degree murder of Marco Perez and the use of a firearm in the commission thereof. Upon Trevino's subsequent motion, the district court granted Trevino certain postconviction relief, the nature of which is not disclosed by the record. The record does reveal, however, that the plaintiff-appellee, State of Nebraska, then

ultimately recharged Trevino with the crimes specified above and that Trevino responded both by pleading guilty and with a purported plea in bar, all as more particularly set forth hereinafter. The district court overruled the plea in bar and, pursuant to verdict, adjudged Trevino guilty of the recharged crimes and sentenced him. Trevino asserts the district court erred in overruling his plea in bar to the second degree murder charge. We dismiss for lack of jurisdiction.

An issue presented regarding a denial of a plea in bar is a question of law. *State v. Sinsel,* 249 Neb. 369, 543 N.W.2d 457 (1996). On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *State v. Swift, ante* p. 204, 556 N.W.2d 243 (1996).

So far as is material to this review, the information filed on August 11, 1995, after postconviction relief was granted, charged Trevino with the first degree murder of Perez and the use of a firearm in the commission thereof. On September 18, 1995, Trevino filed a written plea in bar sworn to before a notary public, asserting that as he had been previously acquitted of the first degree murder of Perez, the State could not recharge him with that offense. The plea in bar further asserted that by virtue of his acquittal of first degree murder, he had necessarily been acquitted of maliciously killing Perez and thus could not be recharged with second degree murder.

The district court's journal entry filed on September 25, 1995, notes that it had, on September 18, 1995, ruled, and the State conceded, that the State could not recharge Trevino with the first degree murder of Perez. The district court further ruled, however, that the State could charge Trevino with second degree murder and ordered it to amend its information to eliminate the charge of first degree murder and to include the charge of second degree murder. Trevino and the State stipulated that if the district court were to overrule the plea in bar, the ruling would be preserved for appeal until after trial.

On September 20, 1995, the State filed its operative amended information, which charged Trevino with the second degree murder of Perez and the use of a firearm in the commission thereof. On November 17, 1995, Trevino pled not guilty to

those charges and on January 9, 1996, orally purported to renew his earlier plea in bar. On the same day and in open court, the district court overruled the renewed plea in bar, and the parties thereupon renewed their stipulation purporting to preserve the ruling for appeal after trial. On the same day, the district court also noted in its trial docket the overruling of the plea, but did not file the notation with its clerk until February 7, 1996.

Because we lack jurisdiction, we do not concern ourselves with whether a criminal defendant may enter a plea in bar while a plea of not guilty remains on the record, *George v. State*, 59 Neb. 163, 80 N.W. 486 (1899), or whether the oral renewed plea in bar made at a time when the subject crime had not yet been charged satisfies the requirement of Neb. Rev. Stat. § 29-1818 (Reissue 1995) that such a plea be in writing and sworn to before some competent officer.

What is clear is that a ruling on a plea in bar is a final order, as such an order is defined in Neb. Rev. Stat. § 25-1902 (Reissue 1995). *Sinsel, supra*; *State v. Lynch*, 248 Neb. 234, 533 N.W.2d 905 (1995). It is also clear that the rendition of an order takes place when the trial court makes an oral pronouncement and accompanies that pronouncement with a notation on the trial docket; failing a notation on the trial docket, an order is rendered when some written notation of it is filed in the records of the court. See *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). Thus, at the latest, the time for filing a notice of appeal in this case began to run on January 9, 1996, not only because the ruling was made in open court and noted on the trial docket, but because when a party knows of a ruling made in open court and noted on the trial docket, the date of the filing of the ruling with the clerk of the court is not material. See *Sederstrom v. Wrehe*, 215 Neb. 429, 339 N.W.2d 74 (1983).

In order to vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order. *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995); Neb. Rev. Stat. § 25-1912(1) (Reissue 1995). See, also, *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988). That requirement was not obviated by the parties' stipulation to do otherwise, for the parties cannot confer subject matter jurisdiction upon a judicial tribunal by

either acquiescence or consent, *State v. Horr*, 232 Neb. 380, 441 N.W.2d 139 (1989), nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties, *Kuhlmann v. City of Omaha, ante* p. 176, 556 N.W.2d 15 (1996), and *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996).

Trevino did not file his notice of appeal until March 5, 1996, more than 30 days after the overruling of the renewed plea in bar. We therefore have no jurisdiction in this appeal.

APPEAL DISMISSED.