STATE OF NEBRASKA, APPELLEE, V. DUSTIN L. BELMAREZ, ALSO KNOWN AS DEON BELMAREZ, APPELLANT.

577 N.W. 2d 264

Filed April 10, 1998.    No. S-97-875.

James R. Mowbray and Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, and Robert H. Conner for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Dustin L. Belmarez was originally charged with two counts of first degree murder and five other felonies. As the result of a plea agreement, Belmarez pled no contest to one count of first degree murder of Lester Tucker and one count of aiding and abetting the second degree murder of Chester Tucker. The other felony charges were dismissed. Pursuant to a motion for post-conviction relief, the conviction for aiding and abetting another to commit second degree murder was vacated. The State of Nebraska ultimately refiled the charge involving Chester Tucker as a charge of first degree murder. Belmarez filed a plea in bar to the charge, and he appeals from the district court's order overruling his plea in bar and amended plea in bar.

## SCOPE OF REVIEW

An issue presented regarding a denial of a plea in bar is a question of law. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998); *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996).

## FACTS

Belmarez was first charged on September 17, 1990, with two counts of first degree murder (one count for the murder of Lester Tucker and one count for the murder of Chester Tucker). In addition, Belmarez was charged with two counts of robbery, one count of theft by unlawful taking, and two counts of using a deadly weapon to commit a felony.

Pursuant to a plea agreement, Belmarez pled no contest to an amended information charging him with one count of first degree murder of Lester Tucker (count I) and one count of aiding and abetting another in the commission of second degree murder of Chester Tucker (count II). The plea agreement provided that the State would not seek the death penalty on the first degree murder charge involving Lester Tucker, the State would not file any other charges arising out of the incident, and the State would dismiss the five other felony charges.

The district court accepted the plea agreement and stated in part: "Evidence was presented[,] and upon the evidence, the Court finds a factual basis and finds the Defendant guilty as to Count I and guilty as to Count II." On May 16, 1991, Belmarez was sentenced to two consecutive sentences of life imprisonment.

A direct appeal from the sentence was voluntarily dismissed. On January 31, 1995, Belmarez filed a motion in arrest of judgment, alleging that the facts stated in the information did not constitute an offense because the information did not allege malice as an element of second degree murder, as required by *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994). The district court overruled the motion.

On April 1, 1996, Belmarez filed a "Verified Motion to Vacate and Set Aside Judgment and Conviction" pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 1995) and refiled a copy of his motion in arrest of judgment. On October 10, the district court set aside Belmarez' conviction for second degree murder of Chester Tucker, but refused to set aside his conviction for first degree murder of Lester Tucker.

The State timely appealed from the order setting aside the second degree murder conviction. This appeal was docketed as case No. S-96-1159. See *State v. Belmarez, ante* p. 436, 577

N.W.2d 255 (1998). The State requested this court to reverse our holding in *Myers* and its progeny. Concurrent to this notice of appeal, the State made a plea offer to Belmarez to dismiss its appeal if Belmarez agreed to be rearraigned and plead guilty to a charge of aiding and abetting second degree murder in which malice had been inserted as an element of the offense. By letter, Belmarez' counsel advised the State that Belmarez had accepted this plea offer.

On December 10, 1996, this court received a stipulation and joint motion for dismissal of case No. S-96-1159 which stated that the dismissal was necessary in order for a plea agreement reached by the parties to be executed. The motion was overruled without prejudice to filing a stipulation without conditions. Following a second joint motion for dismissal, we dismissed the appeal on January 6, 1997.

At a hearing on January 24, 1997, Belmarez' counsel advised the district court that a plea agreement had been reached wherein Belmarez would enter a plea of guilty to a charge of aiding and abetting second degree murder in which the element of malice had been inserted. Belmarez' cocounsel then interjected: "Your Honor . . . I thought that we had all this hammered out. . . . [Belmarez] just informed me that he chooses to exercise his waiting period. So, there's going to be a problem entering a plea today; and I'm sorry for the inconvenience of the Court."

The district court set a hearing date for Belmarez to enter his plea on January 28, 1997, and Belmarez' counsel requested a psychological evaluation to update the presentence investigation. At Belmarez' counsel's request, Belmarez was served with a copy of the amended information charging him with aiding and abetting second degree murder, with malice included as an element of the offense.

On January 28, 1997, Belmarez' counsel informed the district court that Belmarez was not prepared to enter the plea agreement because counsel believed it was necessary to first evaluate Belmarez to determine competency. The motion was later withdrawn because a psychiatrist had determined that Belmarez was competent to stand trial.

On April 30, 1997, the State filed a "reinstated information" charging Belmarez with first degree murder for the killing of Chester Tucker. The State also filed a "reinstated information addendum." In response, Belmarez filed a plea in bar, a plea in abatement, and two motions to quash. The plea in bar asserted that under the first plea agreement, the State was bound by its agreement that it would not file any other charges arising out of the incident in question. The plea in abatement made the same objections.

Belmarez' first motion to quash asserted that the information sought to be reinstated had been amended, that the information failed to sufficiently inform him as to the nature of the charge, and that there was no constitutional or statutory authority for a reinstated information. The second motion to quash raised various objections to the possible imposition of the death penalty.

On May 27, 1997, Belmarez amended his plea in bar and argued the pending motions. The amended plea in bar reiterated that the State was bound by the plea agreement not to charge him with more than second degree murder and further asserted that if the State charged Belmarez with first degree murder of Chester Tucker, it had to vacate Belmarez' plea and conviction for the first degree murder of Lester Tucker.

The district court found that the death penalty issues raised were premature, and the court overruled Belmarez' plea in bar and amended plea in bar, plea in abatement, and motion to quash in relation to the reinstated information. Belmarez' motion to strike the addendum to the reinstated information was sustained, and the district court denominated the reinstated information as an amended information. The district court concluded that the State was free to pursue the first degree murder charge involving Chester Tucker absent the entry of a plea of no contest to the charge of second degree murder involving Chester Tucker.

Belmarez filed this interlocutory appeal from the overruling of his plea in bar and amended plea in bar.

## ASSIGNMENT OF ERROR

Belmarez alleges that the district court violated the Double Jeopardy Clauses of the Fifth Amendment to the U.S.

Constitution and Neb. Const. art. I, § 12, by overruling his plea in bar and amended plea in bar.

## ANALYSIS

An issue presented regarding a denial of a plea in bar is a question of law. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998); *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996). On questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997).

The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. McBride, supra.* Belmarez claims he was acquitted of the first degree murder of Chester Tucker and that such acquittal bars a subsequent prosecution for that offense. Specifically, Belmarez relies on Neb. Rev. Stat. § 29-2027 (Reissue 1995) to argue that by accepting his no contest plea and finding him guilty of second degree murder of Chester Tucker, the district court necessarily acquitted him of the greater charge of first degree murder of Chester Tucker. Section 29-2027, which was enacted in 1873, provides:

> In all trials for murder the jury before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict whether it be murder in the first or second degree, or manslaughter; and if such person be convicted by confession in open court, the court shall proceed by examination of witnesses in open court, to determine the degree of the crime, and shall pronounce sentence accordingly.

Belmarez claims that by overruling his plea in bar and amended plea in bar to the amended information charging him with first degree murder of Chester Tucker, the district court violated the Double Jeopardy Clauses of the Fifth Amendment to the U.S. Constitution and Neb. Const. art. I, § 12.

We have not specifically addressed this question, but other courts have held that the acceptance of a plea to a lesser offense

is not an implicit acquittal of the greater offense. For example, in *Bally v. Kemna*, 65 F.3d 104, 109 (8th Cir. 1995), the court rejected the argument that a guilty plea to a lesser offense was an implicit acquittal of the greater offense, stating that " '[a] plea to a lesser charge necessarily deprives court and jury of an opportunity to consider the greater charge.' " Accord *United States v. Williams*, 534 F.2d 119 (8th Cir. 1976).

In *Williams*, the court held that double jeopardy did not bar the retrial of the defendant on the original higher charge after the defendant's conviction pursuant to a plea agreement to a lesser charge had been set aside. The court explained that "[t]he district judge had the sole options of accepting or rejecting the plea on the [lesser] charge. By accepting it, he made no determination, explicit or implicit, on the merits of the charges not embraced in the plea." *Id.* at 121-22. See, also, *United States v. Vaughan*, 715 F.2d 1373 (9th Cir. 1983); *United States v. Barker*, 681 F.2d 589 (9th Cir. 1982).

Belmarez argues, however, that the foregoing authorities are distinguishable from the case at hand because under § 29-2027, the judge did more than simply accept his plea. Belmarez asserts that § 29-2027 obligated the district court to make an actual determination of the degree of the crime. He asserts that § 29-2027 governs because being convicted by a "confession in open court" encompasses being convicted pursuant to a plea of no contest to a specific degree of murder. We disagree.

In *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997), we explained and clarified the rule previously set forth in *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997), and *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and stated that in order to support a plea of guilty or no contest, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her right to assistance of counsel, right to confront witnesses, and right to a jury trial.

Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged.

Interpretation of statutes presents questions of law, in connection with which an appellate court has the obligation to reach an independent conclusion irrespective of the decision made by the court below. See *State v. Thieszen*, 252 Neb. 208, 560 N.W.2d 800 (1997). We conclude that § 29-2027 does not apply. Contrary to Belmarez' contention, § 29-2027 was intended to require a more extensive finding by the trial court when the defendant does not plead to a specific degree of murder, but, rather, merely confesses to the act. The district court, in accepting Belmarez' plea, was not required to conduct an extensive examination of witnesses, assess all possible degrees of murder, or make a determination of the degree of the crime. Rather, the court's role was to determine whether a factual basis existed for the crime for which Belmarez had entered a plea.

Pursuant to the plea agreement, the information was amended so as to no longer charge Belmarez with first degree murder of Chester Tucker. The district court's acceptance of the plea to the lesser crime of aiding and abetting another in the commission of second degree murder of Chester Tucker did not constitute an implicit acquittal of the charge of first degree murder of Chester Tucker. Instead, by accepting the plea, the district court merely determined that there was a factual basis for the second degree murder charge. Therefore, the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions have not been violated.

Belmarez next argues that the terms of his first plea agreement bar further prosecution. The plea agreement required Belmarez to enter pleas of no contest to counts I and II of the amended information. In exchange, the State agreed not to file any other charges related to the incident that occurred on May 18, 1990. Belmarez argues that nothing in the plea agreement prohibited him from filing the motion for postconviction relief which resulted in the setting aside of the second degree murder charge. Belmarez asserts that despite the fact that his conviction was later vacated, the State received exactly what it bargained for when he entered the pleas of no contest, and that the State

should be bound by its promise not to file any other charges. The State contends that Belmarez, by challenging his conviction, surrendered any benefit derived from that portion of the agreement.

*U.S. v. Viera*, 931 F. Supp. 1224 (M.D. Pa. 1996), is analogous to the case at hand. In *Viera*, the defendant entered into a plea agreement which was silent as to whether the defendant could appeal or attack collaterally his conviction or sentence. Upon the defendant's motion, the court vacated the defendant's conviction, but stated that by challenging his conviction, the defendant had breached the plea bargain and the government could reinstate the dismissed counts against the defendant. The court reasoned that "an implicit part of the agreement, indeed its very heart, was that the defendant would remain convicted and serve the sentence imposed." *Id.* at 1228. See, also, *James v. State*, 289 Ark. 560, 712 S.W.2d 919 (1986) (after defendant successfully challenged plea and conviction for first degree murder, state could charge him with original greater charge of capital murder, and defendant who attacks guilty plea is choosing to surrender what benefits he may have derived from plea bargain); *United States v. Williams*, 534 F.2d 119 (8th Cir. 1976).

In *State v. Thieszen*, 252 Neb. 208, 560 N.W.2d 800 (1997), an information was filed charging the defendant with first degree murder and use of a firearm in the commission of a felony. Pursuant to a plea bargain, an amended information was filed charging the defendant with second degree murder and use of a firearm in the commission of a felony. The defendant pled guilty and was adjudged accordingly. His conviction was affirmed by this court in *State v. Thieszen*, 232 Neb. 952, 442 N.W.2d 887 (1989). Subsequently, the defendant filed for postconviction relief on the ground that the amended information was defective in that it failed to allege that the defendant had acted with malice. The district court granted postconviction relief and vacated and set aside the conviction. The State subsequently filed a second amended information once again charging the defendant with first degree murder and use of a firearm in the commission of a felony. We affirmed the conviction.

Here, the State refiled the original charge after Belmarez refused to plead to the amended information charging him with aiding and abetting second degree murder, with malice included as an element of the offense. By challenging his conviction, Belmarez surrendered any benefit derived from that portion of the first plea agreement. We conclude that upon Belmarez' successful attack on his conviction of second degree murder of Chester Tucker, the State is not prohibited from filing the original charge of first degree murder of Chester Tucker.

Belmarez next claims that even if the State is not bound by its agreement not to file any other charges, the State cannot be allowed to prosecute for any offense greater than second degree murder of Chester Tucker unless Belmarez is allowed to withdraw his no contest plea to the first degree murder of Lester Tucker. The plea agreement entered into in 1991 involved both his plea of no contest to first degree murder of Lester Tucker and his plea of no contest to aiding and abetting the second degree murder of Chester Tucker, and Belmarez claims that his pleas to these counts are interdependent. In other words, Belmarez claims that part of the inducement to enter a plea of guilty for first degree murder of Lester Tucker was that he would be convicted of no charge greater than second degree murder of Chester Tucker.

In essence, Belmarez seeks to collaterally attack the first degree murder conviction by means of a direct appeal from the denial of a plea in bar to a second degree murder charge involving a different victim. Collateral attacks on prior convictions are limited. Avenues of relief outside a direct review are necessarily limited because of the State's interest in the finality of the conviction. *State v. Lee*, 251 Neb. 661, 558 N.W.2d 571 (1997). It is a general rule that a collateral attack on a previous judgment is impermissible unless the attack is grounded upon lack of jurisdiction over the parties or subject matter. *Id.*; *State v. Yelli*, 247 Neb. 785, 530 N.W.2d 250 (1995).

In *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), we provided a limited avenue through which a defendant can mount a *Boykin* challenge to a prior offense sought to be used for enhancement. We carefully circumscribed the procedures by which a defendant could mount a *Boykin* challenge in an

enhancement proceeding. In *Lee*, we declined to grant defendants a right to collaterally attack a prior conviction used as an element of a subsequent offense where such attack is based upon the lack of a *Boykin*-type colloquy. Clearly, the case at bar is not an enhancement proceeding, and we decline to permit Belmarez to collaterally attack his first degree murder conviction of Lester Tucker.

Belmarez is procedurally barred from collaterally attacking his conviction for the murder of Lester Tucker in an interlocutory appeal from the trial court's overruling a plea in bar involving the murder of Chester Tucker. We do not consider whether Belmarez could have raised this issue in his prior request for postconviction relief.

The record shows that Belmarez was given the opportunity to again plead no contest to second degree murder and that he refused to do so. We find no error in the district court's order which stated that "[a]bsent a willingness of the Defendant to enter into a plea of no contest to second degree murder, the State of Nebraska is free to file the original charge which forms the basis for the second degree murder charge contained in the Amended Information." The State is not barred from charging Belmarez for the first degree murder of Chester Tucker, and finding no error in the district court's denial of the plea in bar and amended plea in bar, we affirm the judgment of the district court.

AFFIRMED.