STATE OF NEBRASKA, APPELLEE, V. RICHARD ALDRICH, APPELLANT.
413 N.W.2d 639

Filed October 16, 1987.   No. 86-826.

Francis O'Brien, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Richard Aldrich, defendant, appeals his conviction of first degree sexual assault, Neb. Rev. Stat. § 28-319 (Reissue 1985), assigning one procedural error, that the court abused its discretion in allowing the State, at the conclusion of all evidence, to amend its information by deleting one word, "and," and substituting the word "or," making the charge read in the disjunctive. We affirm.

Section 28-319 provides:

(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, (b) knew or should have known that the victim was mentally or physically incapable of resisting or appraising the

nature of his or her conduct, or (c) . . . .

The material parts of the information after amendment recited:

> Richard Aldrich, defendant . . . did subject another person to sexual penetration and did overcome the victim by force, threat of force, express or implied, coercion, or deception *or* knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his conduct, to-wit: sexual assault of [the victim], Schuyler, Nebraska, age 17 years, a violation of Section 28-319, of the Revised Statutes of the State of Nebraska . . . .

(Emphasis supplied to show amendment.)

Since Aldrich does not contend that there was a failure of proof, the facts are stated briefly. In September 1985, Aldrich was living in Schuyler, Nebraska, with the 17-year-old victim and her mother. The victim's tested IQ was about 68, and there was expert evidence placing her intelligence in the range of that of an 8- to 10-year-old child. The evidence clearly establishes the act of sexual penetration, and the jury could find that it was accomplished as charged in the information.

"[T]he District Court, in its discretion, may permit a criminal information to be amended at any time before verdict or findings if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." *State v. Gascoigen*, 191 Neb. 15, 20, 213 N.W.2d 452, 455 (1973).

The facts here are similar to those in *State v. Davis*, 195 Neb. 361, 237 N.W.2d 885 (1976). Defendant's conviction there was affirmed upon an instruction submitted to the jury in the disjunctive, without any amendment of the operative information that charged him in the conjunctive.

The information upon its face in both forms was sufficient to charge a crime under § 28-319, since the crime is charged in the language of the statute and it informed defendant, with reasonable certainty, of the charges made against him. See *State v. McGee*, 221 Neb. 557, 378 N.W.2d 674 (1985). Further, the amendment did not charge either an additional or a different offense.

The amendment was no surprise to Aldrich, since the record shows that several days prior to trial he was aware of the technical defect here discussed. His failure to challenge the information before trial by a motion to quash, Neb. Rev. Stat. § 29-1808 (Reissue 1985), was a waiver of that technical defect. *State, ex rel. Gossett, v. O'Grady*, 137 Neb. 824, 291 N.W. 497 (1940); *State v. John*, 213 Neb. 76, 328 N.W.2d 181 (1982).

No prejudice to defendant is shown, and the trial judge did not abuse his discretion in granting the amendment.

AFFIRMED.