IN RE INTEREST OF ROY R., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. ROY R., APPELLANT.
533 N.W.2d 107

Filed June 6, 1995.   No. A-94-1015.

Byron M. Johnson, Scotts Bluff County Public Defender, and W.E. Madelung for appellant.

William C. Peters for appellee.

HANNON, IRWIN, and MUES, Judges.

MUES, Judge.

Roy R. appeals the judgment and order of the county court for Scotts Bluff County, sitting as a juvenile court, which found that he had violated the law and was a child within the meaning of Neb. Rev. Stat. § 43-247(1) (Reissue 1993) for having committed an act of vandalism by spray-painting the windows of the stadium announcer's booth at the Gering Junior High School. The order placed Roy on probation for a period of 4 months, required him to perform 5 hours of community service, and ordered him to pay costs. For the reasons recited below, we affirm.

## ASSIGNMENT OF ERROR

Roy contends that the court erred in finding sufficient evidence to assert its jurisdiction over him and adjudicate him as a juvenile within the meaning of § 43-247(1) because the State failed to prove his date of birth beyond a reasonable doubt.

## SCOPE OF REVIEW

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the trial court's findings; however, where the evidence is in

conflict, the appellate court will consider and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994).

## FACTS

A petition was filed in the county court for Scotts Bluff County, sitting as a juvenile court, on July 1, 1994, alleging that Roy was a person as defined by § 43-247(1), which states: "The juvenile court in each county as herein provided shall have jurisdiction of: (1) Any juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance."

The petition alleged that Roy, born February 16, 1980, had vandalized property of the Gering Junior High School on June 23, 1994, by spray-painting the windows in the stadium announcer's booth. When the county judge first read the petition on August 4, 1994, Roy was informed of his rights and the procedures to be followed in the court. The public defender was appointed to represent Roy.

On October 13, 1994, a contested adjudication hearing was held before the county judge. At the hearing, testimony was adduced from Gary Schmucker, director of school business services for Gering Public Schools, that two boys were brought to his office, located under the stadium, after he received reports of vandalism. Although Schmucker was unable to positively identify Roy as being one of those boys brought to his office, he was able to generally describe the appearance of the alleged vandals and observed that they were "about 14 years" of age. Lt. George Holthus of the Gering Police Department identified Roy as the same individual who was detained by Schmucker and subsequently brought to the police station. Holthus testified that through the completion of a juvenile probation form, Roy indicated that he was 5 feet 6 inches tall and weighed 100 pounds. The defense presented no evidence.

Upon the conclusion of the evidence, the county judge determined that the State had established its case. The court

specifically mentioned the reference to Roy "being approximately 14 years of age." The court found that the State had proved beyond a reasonable doubt that Roy was a child described under § 43-247(1) and sentenced him to 4 months of probation, required him to perform 5 hours of community service, and ordered him to pay the costs of the case. This appeal followed.

## ANALYSIS

On appeal, Roy solely "contends that proof of age, a necessary element of the allegation was not proven beyond a reasonable doubt, and thus the Juvenile Court did not have jurisdiction to adjudicate the Appellant as alleged." Brief for appellant at 5.

Section 43-247(1) provides that the juvenile court has jurisdiction of "[a]ny juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance." Neb. Rev. Stat. § 43-245(5) (Reissue 1993) defines a juvenile as "any person under the age of eighteen." Further, Neb. Rev. Stat. § 43-279(2) (Reissue 1993) provides:

> If the juvenile denies the petition or stands mute the court shall . . . consider only the question of whether the juvenile is a person described by section 43-247. After hearing the evidence on such question, the court shall make a finding and adjudication, to be entered on the records of the court, whether or not the juvenile is a person described by subdivision (1) . . . of section 43-247 based upon proof beyond a reasonable doubt.

Roy asserts that "proof of age, by competent evidence of date of birth, was not presented to the Juvenile Court by the State." Brief for appellant at 6. Although the State did not adduce evidence regarding the specific date of his birth, it did present evidence regarding Roy's age through the testimony of Schmucker, who stated that the boys were "about 14 years" old, and Holthus, who testified that Roy indicated he was "5'6" and weighs 100 pounds." In addition, Roy appeared in court and the judge had the opportunity to observe his demeanor and his

physical appearance. The Nebraska Supreme Court has recognized that a jury can consider the physical appearance of a defendant in determining his age, but cannot fix the age of the defendant by merely observing him during the trial without the benefit of other relevant evidence. See *State v. Lauritsen*, 199 Neb. 816, 261 N.W.2d 755 (1978). While the fact finder cannot fix the age of the defendant by merely observing him during trial without other relevant evidence, in the present action, the county judge, sitting as the fact finder, *did* have "the benefit of other relevant evidence"—the testimony of Schmucker and Holthus. Although the evidence presented may not have been sufficient to fix Roy's age at precisely 14, it was sufficient to prove that he was under the age of 18 years.

As long as Roy was under 18 years of age, the juvenile court was vested with at least concurrent jurisdiction over him. See § 43-247. We believe the evidence before the judge was sufficient to establish that Roy was under 18 years of age and that the juvenile court, therefore, had jurisdiction pursuant to § 43-247. See, e.g., *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987) (although dicta, Supreme Court observed that proof of age was established where the evidence, received without objection, was that minors depicted in a pornographic film were approximately 10 to 13 years of age and that in another film they were between the ages of 13 and 16 where the law made it unlawful to depict children under the age of 16 in such films).

■ Frankly, we do not understand the point of Roy's appeal when we recognize that the alternative to the juvenile court's having jurisdiction is that Roy would face criminal charges in the general court system. Further, we observe that Roy's failure to object to the admission of Schmucker's testimony that he was "about 14 years" old indicates that he was not seriously contesting the State's proof of his juvenile status. Roy provided no contradictory evidence. This failure to object to the admission of such evidence may very well have been a matter of common trial tactics of not requiring the State to jump through hoops to establish Roy's age by other means, as trial counsel recognized that proof of Roy's actual date of birth could easily be otherwise obtained and admitted into evidence. A defendant

may not permit questionable or incompetent evidence to be admitted without objection, take the chance of a favorable result, and after an unfavorable outcome complain that the evidence was received. *State v. Burke, supra.* Although offering a birth certificate may be a more precise method to establish that one is a juvenile, we do not find its omission fatal in this case.

## CONCLUSION

Upon our de novo review, we find that there is sufficient evidence to conclude that Roy was under the age of 18, and he was, therefore, properly adjudicated pursuant to § 43-247. We affirm the judgment and order of the county court for Scotts Bluff County, sitting as a juvenile court, in this matter.

AFFIRMED.