THOMAS M. HUDDLESON, APPELLEE, V. ALVIN ABRAMSON,
DIRECTOR, NEBRASKA DEPARTMENT OF MOTOR VEHICLES,
APPELLANT.

561 N.W.2d 580

Filed April 11, 1997.   No. S-95-580.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellant.

Dean S. Forney, of Forney Law Office, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and CHEUVRONT, D.J.

CONNOLLY, J.

The appellee, Thomas M. Huddleson, was originally charged with driving while under the influence of alcohol (DUI) pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1993). Prior to trial, his operator's license was revoked for 90 days by the director of the Department of Motor Vehicles pursuant to Nebraska's administrative license revocation statutes, Neb. Rev. Stat. §§ 60-6,205 through 60-6,208 (Reissue 1993). On appeal, the district court for Garden County affirmed.

An amended complaint of reckless driving (Neb. Rev. Stat. § 60-6,213 (Reissue 1993)) was later filed, to which Huddleson pled guilty and was sentenced. Huddleson then filed a motion with the director, seeking reinstatement of his operating privileges. This motion was denied. Huddleson appealed to the district court, which held that the amended complaint constituted a dismissal of the original DUI charge pursuant to § 60-6,206(4)(b)

and, thus, that Huddleson was entitled to have his operating privileges reinstated. The director appeals from the district court's order.

A bill of exceptions was not made part of the appellate record before this court. Absent a bill of exceptions, we affirm because we determine that the pleadings are sufficient to support the district court's order.

## BACKGROUND

On June 6, 1994, a complaint was filed in the county court for Garden County, charging Huddleson with DUI. Prior to trial, the director revoked Huddleson's operating privileges for a period of 90 days pursuant to the administrative license revocation statutes, §§ 60-6,205 through 60-6,208. On November 9, the original complaint was amended from the charge of DUI to a charge of reckless driving. That same day, the county court accepted Huddleson's guilty plea to, and sentenced Huddleson on, the amended charge.

Thereafter, Huddleson filed a motion with the director for reinstatement of his operating privileges, claiming that the DUI charge had been dismissed pursuant to § 60-6,206(4)(b). The director denied Huddleson's motion for reinstatement on the basis that "[t]he amendment of the [DUI] charge is not in accordance with the Department's Rules & Regulations, Title 247 NAC 1, 025.01 to dismiss the Administrative License Revocation."

Huddleson filed an appeal with the district court under the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1994), challenging the director's denial of his motion for reinstatement. The district court held that the amended complaint constituted a dismissal of the original DUI charge and, therefore, that the administrative license revocation must be dismissed pursuant to § 60-6,206(4)(b).

## ASSIGNMENT OF ERROR

The director asserts that the district court erred in finding that a certified copy of an amended complaint accompanied by a form indicating a guilty plea to a separate charge constitutes a dismissal of the original DUI charge for purposes of § 60-6,206(4)(b).

## STANDARD OF REVIEW

An appellate court's review of a district court's review of a decision of the director of the Department of Motor Vehicles is de novo on the record. *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. 49, 524 N.W.2d 562 (1994); *Wollenburg v. Conrad*, 246 Neb. 666, 522 N.W.2d 408 (1994).

## ANALYSIS

A bill of exceptions was not made part of the appellate record before this court. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *R-D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995); *Latenser v. Intercessors of the Lamb, Inc.*, 245 Neb. 337, 513 N.W.2d 281 (1994). Absent a complete bill of exceptions, the only issue before the court on appeal is whether the pleadings are sufficient to support the judgment. *Latenser v. Intercessors of the Lamb, Inc., supra.*

Huddleson pled that his DUI charge was dismissed by amendment pursuant to § 60-6,206(4), which states in pertinent part: "A person whose operator's license is subject to revocation pursuant to subsection (3) of section 60-6,205 shall have all proceedings dismissed or his or her operator's license immediately reinstated without payment of the reinstatement fee . . . (b) if the charge is dismissed . . . ."

Huddleson prayed for the district court to reverse the director's decision by finding that he provided suitable evidence that his DUI charge was dismissed by amendment and to order the reinstatement of his license. In its order, the district court found that "the record is silent as to the reason for the filing of the amended complaint; that the filing of the amended complaint effectively dismissed the original complaint and that, the original complaint having been dismissed, §60-6206 (4) (b) requires the dismissal of the administrative license revocation proceedings."

## CONCLUSION

Absent a bill of exceptions, we affirm because we conclude that the pleadings are sufficient to support the district court's order.

AFFIRMED.