STATE OF NEBRASKA, APPELLEE, V.
JOHNNY MEERS, APPELLANT.
598 N.W. 2d 435

Filed July 30, 1999.    No. S-98-1202.

Michael P. Burns, of Shoemaker, Witt & Burns, for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Johnny Meers was convicted at a bench trial of one count of first degree sexual assault on a child, a Class II felony, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989), and one count of sexual assault of a child, a Class IV felony, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 1995). Meers appeals his convictions and sentences. We affirm.

## STATEMENT OF FACTS

At the time of the offenses at issue, Meers lived in Hastings, in Adams County, Nebraska. Sometime in 1991, Meers met and soon began living with S.G., who is the mother of C.G. C.G. is the victim who is the subject of count I. C.G.'s mother testified that she dated Meers from 1991 to 1995. Meers lived with C.G.'s mother and her four children, including C.G., for most of that period.

C.G. was almost 7 years old when Meers moved into her family's home in 1991. S.H., the victim identified in count II, was a friend of C.G.'s and was about the same age. C.G. and S.H. often played together on weekends, and S.H. sometimes spent the night at C.G.'s home.

The offenses in this case were alleged by the State to have occurred during the period of February 1993 to June 1994. As described below, the charges against Meers were tried in 1998. At the time of trial, C.G. and S.H. were approximately 13 years old.

C.G. testified at trial that on the first night that Meers stayed in her home, Meers came into her bedroom and fondled her breasts and vaginal area over her clothes. C.G. testified that these incidents progressed to digital penetration and then penile penetration by Meers. The assaults occurred at various locations in C.G.'s home and at a local skating rink where Meers worked and where C.G.'s mother often took C.G. and S.H. to skate on weekends. C.G. testified that Meers assaulted her about every other weekend from the time he moved into the family's home

in 1991 until C.G. was removed from her mother's care and placed in foster care in June 1994.

C.G. and S.H. testified at trial. S.H. testified that she saw Meers fondle C.G. at the skating rink. S.H. testified that Meers tried to fondle her as well at the skating rink, but she was able to evade him. S.H. testified that when she was 9 years old, she spent the night with C.G., and the girls were sleeping in the same bed. S.H. became aware that Meers had come into the bedroom. S.H. saw Meers fondle C.G., remove her clothes, and have sexual intercourse with her. Meers then fondled S.H's genitals and penetrated her with his penis. C.G. testified that she saw Meers assault S.H. on this occasion.

At trial, four adult witnesses, including a medical doctor and a licensed mental health professional, testified that C.G. recounted these and other similar events in the course of professional treatment. There was also trial testimony from the medical doctor and S.H.'s mother that S.H. told them about Meers' sexual assault upon her, which S.H. recounted at trial. Meers called no witnesses at trial.

Criminal charges were filed against Meers in Adams County in October 1994 regarding the alleged assaults upon C.G. and S.H. Several different lawyers represented Meers after the charges were filed, and defense counsel requested numerous continuances that substantially delayed Meers' trial.

The trial court permitted the State to amend the charges against Meers in November 1997. Meers made oral objections during the proceeding on the State's motion to amend and also at trial. However, he did not file a motion to quash.

The amended information reduced the charges against Meers from the four felonies originally charged to two felonies and broadened the period of time during which each crime was alleged to have occurred. In allowing the amendments, the trial court found that it posed no unfair surprise to Meers.

In count I of the amended information, the State alleged that Meers sexually assaulted C.G. during the period of February 8, 1993, to June 10, 1994, a Class II felony, in violation of § 28-319(1)(c). Count II charged Meers with unlawful sexual contact with S.H. during the same period of time, a Class IV felony, in violation of § 28-320.01. Counts I and II were pled in

the amended information using the terminology of §§ 28-319(1)(c) and 28-320.01. The crimes were alleged to have occurred in Adams County.

Meers waived a jury trial. The charges contained in the amended information were tried to the court on April 8, 1998. The bill of exceptions reflects that the trial was conducted in Minden, in Kearney County. Although the case was tried in Kearney County, the Adams County Attorney prosecuted the case for the State and the trial judge from the district court for Adams County, who had conducted pretrial proceedings, heard the evidence at trial. The record is silent as to why the trial was conducted in Kearney County. The record shows no objection by Meers to the conduct of the trial in Kearney County.

In an order filed on July 16, 1998, the trial court found Meers guilty beyond a reasonable doubt of both crimes with which he was charged. A sentencing hearing was held on October 9. The trial court sentenced Meers to terms of 10 to 15 years' imprisonment on count I and 20 months' to 4 years' imprisonment on count II, the latter to be served consecutively to count I.

## ASSIGNMENTS OF ERROR

On appeal, Meers claims that the fact that the trial was conducted in Kearney County, rather than Adams County, requires reversal. Meers claims that the amended information which the trial court permitted the State to file was defectively broad and that the trial evidence is insufficient to sustain his convictions. Meers also claims that the sentences imposed upon him are excessive.

## STANDARD OF REVIEW

A trial court's findings in a criminal case have the effect of a jury verdict, and a conviction in a bench trial will be sustained if the properly admitted trial evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997).

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. An abuse of discretion occurs when the sentencing court's reasons or rulings are

clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999); *State v. Torres*, 256 Neb. 380, 590 N.W.2d 184 (1999).

## ANALYSIS

*Venue of Trial.*

Meers claims on appeal that because the alleged offense was committed in Adams County and he was tried in Kearney County, his conviction must be set aside. We do not agree.

Meers' right to be tried in the county in which the criminal offense is alleged to have been committed is secured by statute rather than by the federal or Nebraska Constitution. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). Neb. Rev. Stat. § 29-1301 (Reissue 1995), the trial venue statute, provides as follows:

> All criminal cases shall be tried in the county where the offense was committed, except as otherwise provided in section 25-412.03 or sections 29-1301.01 to 29-1301.03, or unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein. In such case the court, upon motion of the defendant, shall transfer the proceeding to any other district or county in the state as determined by the court.

The amended information charging Meers with the commission of two felony crimes was filed in Adams County and stated that the crimes were committed by Meers in Adams County. The trial evidence, if believed by the finder of fact, established that the crimes were committed in Adams County. See *State v. Gorman*, 232 Neb. 738, 441 N.W.2d 896 (1989) (holding that evidence that crime was committed in county in which it is charged is essential element of proving accused's guilt).

The bench trial of this case was conducted in Kearney County, and it is undisputed that Meers made no objection to the venue of the trial. Meers argues on appeal that, notwithstanding his failure to object to trial venue, a trial conducted in a county other than the one where the offenses are alleged to have been committed requires a reversal of the convictions.

For the reasons recited below, we determine that Meers waived the statutorily designated trial provisions, and he is not entitled to relief. In *Kennison v. State*, 83 Neb. 391, 119 N.W. 768 (1909), cited with approval in *State v. Vejvoda, supra*, we concluded that where a criminal defendant failed to object to trial in a county where the offense was not committed, the defendant acquiesced to the proceedings and waived his right to a trial in the county where the offense was committed. The right to be tried in the county where the offense is committed is a statutory right. *State v. Vejvoda, supra*. Although a waiver of constitutional rights must be done with sufficient awareness of the relevant circumstances and likely consequences, *State v. Wilson*, 252 Neb. 637, 564 N.W.2d 241 (1997), and courts must indulge every reasonable presumption against a waiver of fundamental constitutional rights and not presume acquiescence in their loss, *Case v. State*, 177 Neb. 404, 129 N.W.2d 107 (1964), *vacated and remanded on other grounds* 381 U.S. 336, 85 S. Ct. 1486, 14 L. Ed. 2d 422 (1965), statutory rights are within the classification of those rights that can be waived by silence or acquiescence, *Sedlacek v. State*, 147 Neb. 834, 25 N.W.2d 533 (1946). In the instant case, Meers acquiesced to the conduct of the trial in Kearney County.

Based on the foregoing, we determine that in this case, where Meers did not object at trial to the conduct of the trial in Kearney County and the record as a whole shows no challenge to the trial being conducted in Kearney County, Meers, through his acquiescence, waived his objection to the statutorily designated trial provision in § 29-1301. Meers' assignment of error relating to trial venue is without merit.

*Sufficiency of Amended Information and Trial Evidence.*

Meers claims the amended information is overly broad and fails to apprise him of the alleged crimes. For the reasons recited below, we conclude that Meers has waived his challenge to the amended information.

On appeal, Meers claims that the 16-month period alleged in the amended information is impermissibly broad in that it fails to inform him with reasonable certainty of the crimes charged. Because Meers' challenge to the amended information was

made orally at the motion to amend the information proceeding and orally at trial and because no motion to quash the amended information was filed, Meers has waived his challenge to the amended information.

Objections to the form or content of an information should be raised by a motion to quash. Neb. Rev. Stat. § 29-1808 (Reissue 1995). See, also, *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). In this regard, we note that in *State v. Wehrle*, 223 Neb. 928, 395 N.W.2d 142 (1986), and *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984), cases involving informations charging the respective defendants with sexual assault of a child in a specified timeframe rather than on a discrete date, the challenges to the informations were raised by motions to quash.

We have held that a defendant's failure to file a motion to quash the information waives objections to it. *State v. Roucka, supra*. See, also, *State v. Bocian*, 226 Neb. 613, 413 N.W.2d 893 (1987). This is the case even where the objection is aimed at an amended information superseding the original information filed against a defendant. *State v. Aldrich*, 226 Neb. 645, 413 N.W.2d 639 (1987). In *State v. Aldrich*, a child sexual assault prosecution, we concluded that the defendant waived his challenge to the information which was amended during trial where the defendant was aware of the claimed defect in the amended information and objected thereto but did not move to quash.

In the instant case, the trial court permitted the State to file an amended information. Meers verbally objected to it at the hearing on the State's motion to amend the information and also at trial. These oral objections were insufficient. Meers failed to file a motion to quash aimed at the amended information pursuant to § 29-1808 and, under the case law, is deemed to have waived his challenge to the sufficiency of the amended information. *State v. Roucka, supra*.

Meers next claims that trial evidence failed to establish that he was over 19 years of age, an element of the offenses of first degree sexual assault on a child, see § 28-319 (1)(c), and sexual assault of a child, see § 28-320.01. This argument is without merit.

Meers did not testify at trial. However, C.G.'s mother, who was Meers' girl friend for 4 years, testified that she believed Meers was 23 when they began to date in 1991. C.G. testified that when Meers began dating her mother, he said he was 22 years of age. The testimony regarding Meers' age was received without objection. In view of the evidence at trial, this assignment of error is without merit. See, *State v. Navarrete*, 221 Neb. 171, 376 N.W.2d 8 (1985); *In re Interest of Roy R.*, 3 Neb. App. 816, 533 N.W.2d 107 (1995). See, also, *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987).

Meers next claims that, due to inconsistencies in the testimony of each victim, their individual testimony should not be believed. We reject Meers' argument that minor variances in and between the testimony of C.G. and S.H. render their testimonial evidence unworthy of belief.

In determining whether evidence is sufficient to sustain a conviction, an appellate court does not resolve conflicts in the evidence or pass on the credibility of witnesses. In the absence of prejudicial error, a conviction will be affirmed if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998). There is evidence beyond a reasonable doubt to support the convictions.

*Sentences Imposed.*

Meers claims that the sentences imposed upon him are excessive. We do not agree.

The sentence imposed upon Meers for each count of which he was convicted is within the statutorily defined minimum and maximum terms prescribed by Neb. Rev. Stat. § 28-105 (Reissue 1989). A sentence will be upheld on appeal if the sentence is within the statutory range and there is no abuse of discretion. *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999).

Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990). We find no abuse of discretion.

The evidence at trial and the information included in the presentence report include explicit and unsettling proof, in great detail not repeated here, of the serious and long-term effects of Meers' sexual abuse of C.G. and S.H. Sexual abuse of a child is a serious offense. *State v. White, supra.* We find no error in the sentences imposed on Meers.

## CONCLUSION

Based on the record before us, we determine that Meers, through acquiescence, waived his statutory right to trial in the county where the offenses were committed and, by failing to file a motion to quash, waived his challenge to the amended information. The trial evidence sustained Meers' convictions for both of the crimes with which he was charged. The trial court did not abuse its discretion in sentencing Meers. Meers' convictions and sentences are affirmed.

AFFIRMED.