STATE OF NEBRASKA, APPELLEE,
v. MICHAEL L. FRENCH, APPELLANT.
621 N.W. 2d 548

Filed January 16, 2001.   No. A-00-516.

Stuart J. Dornan, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Michael L. French appeals the decision of the Sarpy County District Court affirming the Sarpy County Court's denial of French's motion to dismiss based upon an alleged violation of his speedy trial rights.

## STATEMENT OF FACTS

On August 3, 1998, a criminal complaint at case No. CR98-3337 was filed in Sarpy County Court alleging that on or about August 1, 1998, French had committed the offenses of second-offense driving under the influence of alcohol and driving left of the centerline. The citation issued to French set forth that the court appearance date was set for August 26, 1998, at 9 a.m. and that French was ordered to appear. French failed to appear for his arraignment, and on September 1, a capias was issued for French's arrest. On September 18, an amended criminal complaint was filed, adding a third count of French's failure to appear at the August 26 arraignment. French was arrested and posted bond of $750 on June 22, 1999.

On July 7, 1999, an amended criminal complaint was filed in case No. CR98-3337, alleging solely that on or about August 1, 1998, French had committed the offense of possession of a controlled substance, a Class IV felony. On July 22, 1999, a preliminary hearing was held. The State moved to continue the case, as no witnesses were present. Defense counsel objected, and the court denied the State's motion to continue. The State then moved to dismiss the charge against French. The court granted the State's motion, dismissed case No. CR98-3337, and ordered French's bond released.

On July 26, 1999, a separate criminal complaint was filed at case No. CR99-4121, alleging that on or about August 1, 1998, French had committed the offense of possession of a controlled substance. (The factual basis for this charge was the same as alleged by the amended complaint at case No. CR98-3337.) Arraignment was set for August 31, 1999, at 2:30 p.m., and French again failed to appear. On November 3, French posted bond in the amount of $350.

On November 18, 1999, the criminal complaint at case No. CR99-4121 was amended to allege that on or about August 1, 1998, French committed the offenses of second-offense driving under the influence of alcohol and driving left of the centerline, which factual basis for these charges was the same as alleged by the complaint at case No. CR98-3337. Additionally, the amended complaint alleged that French failed to appear at the August 1999 arraignment.

On December 30, 1999, French filed a motion to dismiss based upon the alleged violation of his right to a speedy trial. The county court overruled this motion on January 3, 2000. French appealed to the district court, which affirmed the county court's denial of his motion to dismiss. French has now appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, French contends that the district court erred in failing to grant his motion to dismiss based on a violation of his statutory right to a speedy trial pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995).

## STANDARD OF REVIEW

A ruling on a motion to discharge under the speedy trial statute is a final, appealable order. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Rieger*, 8 Neb. App. 20, 588 N.W.2d 206 (1999). Generally, the trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999); *State v. Miller*, 9 Neb. App. 617, 616 N.W.2d 75 (2000).

## ANALYSIS

French's sole assignment of error on appeal is that the district court erred in failing to grant his motion to dismiss based on a violation of his statutory right to a speedy trial under § 29-1207. French argues that the offenses of second-offense driving under the influence of alcohol and driving left of the centerline (misdemeanor charges) charged in case No. CR99-4121 have actually been pending since August 3, 1998, when these same mis-

demeanor charges were filed under case No. CR98-3337. This argument is based upon French's claim that although the State amended the complaint in case No. CR98-3337 on July 7, 1999, and the amended complaint did not contain the misdemeanor charges, these charges nevertheless remained pending against French and that the speedy trial time continued to run. Stated another way, French claims that despite the State's amendment of the complaint in case No. CR98-3337, which did not include the misdemeanor charges, the amendment did not toll time on the misdemeanor charges for purposes of the 6-month statutory speedy trial calculation.

■ Section 29-1207 requires that a defendant be tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). The statutory speedy trial provisions are equally applicable to complaints filed in county court. *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997).

■ Neb. Rev. Stat. § 29-1208 (Reissue 1995) states, "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." To obtain absolute discharge under § 29-1208, a defendant is not required to show prejudice sustained as the result of failure to bring the defendant to trial within the 6 months in accordance with § 29-1207(2). *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

■ When the State dismisses an information and refiles another information charging the defendant with the same offense alleged in the previous information, the periods during which the informations are pending for the same offense must be combined in determining the last day for commencement of trial under Nebraska's speedy trial statutes, subject to the time excluded pursuant to § 29-1207(4). *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992). However, while time chargeable against the State under the speedy trial act commences with the filing of an initial information against a defendant, the time chargeable to the State ceases, or is tolled, during the interval

between the State's dismissal of the initial information and refiling of an information charging the defendant with the same crime alleged in the previous, but dismissed, information. *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994); *State v. Trammell, supra*; *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). These rules are equally applicable to complaints. Compare *State v. Bassette, supra* (statutory speedy trial provisions are equally applicable to complaints filed in county court).

Although these propositions seem fairly straightforward, the difficulty in their application lies in French's argument that the misdemeanor charges contained in case No. CR98-3337 were never actually dismissed. The State, on the other hand, contends that the amendment of the complaint on July 7, 1999, "had the legal effect of a dismissal of the original three counts." Brief for appellee at 5.

■ The Nebraska Supreme Court has held, albeit not in the criminal context, that "[a]n amended pleading supersedes the original pleading, and thereafter the original pleading ceases to perform any office as a pleading." *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 749-50, 119 N.W.2d 509, 511 (1963). See, *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996) (upon filing of third amended petition, preceding petitions ceased to have any function); *Woodworth v. Thompson*, 44 Neb. 311, 62 N.W. 450 (1895). Although our research has not uncovered a criminal case setting forth this holding, dicta contained in the Nebraska Supreme Court's decisions in *State v. Meers*, 257 Neb. 398, 598 N.W.2d 435 (1999), and *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997), appears to support the extension of such holding to criminal pleadings.

In *State v. Meers, supra*, the Nebraska Supreme Court considered whether the defendant waived his challenge to an amended information. The court stated that a defendant's failure to file a motion to quash the information waives objections to it "even where the objection is aimed at *an amended information superseding the original information filed against a defendant.*" (Emphasis supplied.) *State v. Meers*, 257 Neb. at 404, 598 N.W.2d at 439-40.

In *Huddleson v. Abramson, supra*, the director of the Nebraska Department of Motor Vehicles appealed a decision by the district court which required the director to dismiss administrative license revocation proceedings against the defendant because the original complaint which had charged the defendant with driving under the influence of alcohol had been amended to charge the defendant with reckless driving. On appeal, the Nebraska Supreme Court, based upon the absence of a bill of exceptions and the determination that the pleadings were sufficient to support the district court's order, affirmed the district court's order, which stated, in part, that " 'the filing of the amended complaint effectively dismissed the original complaint . . . .' " *Huddleson v. Abramson*, 252 Neb. at 288, 561 N.W.2d at 582.

Based upon the aforementioned precedent, we find that when an amended complaint or information is filed, the amended complaint or information supersedes or supplants the original complaint or information. Applied to the instant case, once the State amended the complaint in case No. CR98-3337, the amended complaint superseded or supplanted the original complaint. Thus, once the amended information was filed in case No. CR98-3337, which did not contain the misdemeanor charges, these charges were no longer pending against French, and since the misdemeanor charges were, in effect, dismissed without prejudice and the speedy trial time did not continue to run, it follows then that the district court correctly affirmed the county court's denial of French's motion for discharge. Consequently, the decision of the district court is affirmed.

AFFIRMED.