STATE OF NEBRASKA, APPELLEE, V.
MICHAEL L. FRENCH, APPELLANT.
633 N.W.2d 908

Filed October 5, 2001.   No. S-00-516.

Stuart J. Dornan, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Michael L. French appeals the decision of the Sarpy County District Court which affirmed the county court's denial of his motion to dismiss based upon a claim that he had not been brought to trial within 6 months, as required by Nebraska's speedy trial act, Neb. Rev. Stat. § 29-1207 et seq. (Reissue 1995). The Nebraska Court of Appeals affirmed, see *State v. French*, 9 Neb. App. 866, 621 N.W.2d 548 (2001), and we granted French's petition for further review.

## SCOPE OF REVIEW

■ Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

## FACTS

On August 3, 1998, a criminal complaint was filed in Sarpy County Court under case No. CR98-3337 alleging that on or about August 1, French had committed the offenses of second-offense driving while under the influence of alcohol (DUI) and driving left of the centerline. French posted bond and was ordered to appear for arraignment on August 26. He did not appear and therefore forfeited his bond. A count of failure to appear was added to the complaint on September 10.

On June 22, 1999, French was arrested, and he posted bond. An amended criminal complaint was filed in case No. CR98-3337 on July 7 alleging that on or about August 1, 1998, French had committed the offense of possession of a controlled substance, a Class IV felony. No other charges were stated in the amended complaint.

At a preliminary hearing on July 22, 1999, the State moved for a continuance because its witness was unavailable. The county court denied the continuance, and the State moved to dismiss. The county court granted the motion to dismiss and ordered French's bond released.

The State refiled the possession of a controlled substance charge under a new case number, CR99-4121, on July 26, 1999. French was ordered to appear for arraignment on August 31, but he failed to appear. A probable cause hearing was held on September 15, and a warrant was issued.

French was arrested and posted bond on November 3, 1999. At the arraignment on November 18, with leave of court, the State amended the complaint to charge French with second-offense

DUI, driving left of the centerline, and failure to appear. These charges arose out of the incident of August 1, 1998. French entered a plea of not guilty, and trial was set for January 3, 2000.

On December 30, 1999, French moved to dismiss, alleging a speedy trial violation. French claimed that the DUI and driving left of the centerline charges were still pending after the complaint was amended on July 7, 1999, and that, therefore, he had not been brought to trial within 6 months as required by § 29-1207. The county court denied French's motion. On April 19, 2000, the district court determined that only 82 days had run and affirmed the decision of the county court. The Court of Appeals affirmed the decision of the district court. See *State v. French*, 9 Neb. App. 866, 621 N.W.2d 548 (2001). We granted further review.

## ASSIGNMENT OF ERROR

French assigns as error that the Court of Appeals erred in affirming the decision of the district court.

## ANALYSIS

█ Section 29-1207(1) provides: "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Although the speedy trial act expressly refers to indictments and informations, the act also applies to prosecutions on complaint. *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. See *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

█ The time chargeable against the State under the speedy trial act commences with the filing of an initial information against a defendant. *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994); *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992). The time chargeable to the State ceases, or is tolled, during the interval between the State's dismissal of the initial information and the refiling of an information charging the defendant with the same crime alleged in the previous, but dismissed, information. *Id.* When the State dismisses an information and refiles another

information charging the defendant with the same offense alleged in the previous information, the periods during which the informations are pending for the same offense must be combined in determining the last day for commencement of trial under the speedy trial act. Certain periods of time must be excluded pursuant to § 29-1207(4). *State v. Trammell, supra.*

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999). The issue presented is whether in the criminal context the filing of an amended complaint or information acts as a dismissal of the original complaint or information. Resolution of this issue presents a question of law. To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000).

In summary, on July 7, 1999, when French appeared for trial, the State filed an amended complaint in case No. CR98-3337 charging him with one count of possession of a controlled substance, a Class IV felony. No new trial date was set for the misdemeanor charges previously filed. French argues that the filing of the amended complaint did not toll the time for bringing him to trial pursuant to § 29-1207. In contrast, the State argues that amending the complaint to a different charge had the effect of dismissing the prior charges. The State asserts that the amended complaint charging possession of a controlled substance superseded the original complaint and therefore tolled the time for bringing French to trial on the charges of DUI, driving left of the centerline, and failure to appear.

Relying upon our decisions in *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 119 N.W.2d 509 (1963), and *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996), and dicta contained in *State v. Meers*, 257 Neb. 398, 598 N.W.2d 435 (1999), and *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997), the Court of Appeals concluded that when an amended complaint or information is filed, the amended complaint or information supersedes or supplants the original

complaint or information. Applying that rule to the case at bar, the Court of Appeals stated that once the amended complaint was filed, the misdemeanor charges were no longer pending and were in effect dismissed. Thus, the Court of Appeals concluded that the district court correctly affirmed the county court's denial of French's motion to dismiss.

In *Midwest Laundry Equipment Corp.*, we held that an amended pleading supersedes the original pleading and that thereafter, the original pleading ceases to perform any office as a pleading. In *In re Interest of Rondell B.*, we held that after the filing of an amended petition, preceding petitions cease to have any function.

In the criminal context, we have not previously determined whether an amended complaint or information supersedes the original for purposes of the speedy trial act. This issue is a matter of first impression. In *Meers*, we referred to an amended information as superseding the original information filed against a defendant. In *Huddleson*, the district court held that the amended complaint constituted a dismissal of the original DUI charge pursuant to Neb. Rev. Stat. § 60-6,206(4)(b) (Reissue 1993) and that the defendant was entitled to have his operating privileges reinstated. In *Huddleson*, there was no bill of exceptions, and we affirmed the decision of the district court on the basis that the pleadings were sufficient to support the order. Neither *Meers* nor *Huddleson* dealt with the issue presented in the case at bar.

Other jurisdictions have recognized that the filing of an amended complaint or information supersedes the original complaint or information for purposes of the speedy trial rule. In *Salazar v. State*, 85 N.M. 372, 512 P.2d 700 (N.M. App. 1973), the court held that an amended information vitiates the original information as fully as though it had been formally dismissed by court order and constitutes the filing of a new instrument which supersedes its predecessor. In *State v. Vigil*, 114 N.M. 431, 839 P.2d 641 (N.M. App. 1992), the court stated that absent an intent to circumvent the 6-month rule for bringing a defendant to trial, an amended complaint would supersede the original complaint for purposes of the 6-month rule. The court pointed out that the State had the burden of demonstrating a good faith use of the

procedures involved and that such procedures were not used to circumvent the operation of the 6-month rule.

In *State v. Kinard*, 21 Wash. App. 587, 589, 585 P.2d 836, 838 (1978), the court stated: "We hold, and it has been uniformly held, that the filing of . . . an amended information constitutes an abandonment of the first information." In *State v. Oestreich*, 83 Wash. App. 648, 922 P.2d 1369 (1996), the court noted that the general rule was that an amended information supersedes the original, citing *State v. Navone*, 180 Wash. 121, 39 P.2d 384 (1934). Accord *State v. Kinard, supra.*

It is important to determine whether the amendment charges the same crime or a totally different crime. A distinction is made between an *amendment to* a complaint or information and an *amended* complaint or information. If the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information. The original charges have been abandoned or dismissed.

■■■ We hold that an amended complaint or information which charges a different crime, without charging the original crime(s), constitutes an abandonment of the first complaint or information and acts as a dismissal of the same. The time between the dismissal and refiling of the same or a similar charge is not includable in calculating the 6-month time period set forth in § 29-1207. See *State v. Batiste*, 231 Neb. 481, 437 N.W.2d 125 (1989).

French was arrested on June 22, 1999, and on July 7, the State amended the complaint to charge French with possession of a controlled substance. The amended complaint charged a separate and distinct crime and did not contain the misdemeanor charges of DUI, driving left of the centerline, or failure to appear. At the preliminary hearing on July 22, the State moved for a continuance because its witness was unavailable. The motion was denied, the State's motion to dismiss was granted, and French's bond was released. Therefore, as of July 22, no charges were pending against French. Time began to run again on November 18, when

the State filed an amended complaint in case No. CR99-4121 charging French with second-offense DUI, driving left of the centerline, and failure to appear. Thus, we conclude that the district court correctly determined that the county court properly denied French's speedy trial claim, and the Court of Appeals' affirmance of the district court's judgment was proper.

With regard to whether French's right to a speedy trial was violated, the district court determined that 82 days were counted against the State for purposes of the speedy trial act. The district court calculated the time as follows: (1) 22 days from August 3 to 26, 1998 (date original complaint was filed until date French failed to appear); (2) 13 days from June 22 to July 7, 1999 (date of French's arrest and date of dismissal of original charges); and (3) 47 days from November 18, 1999, to January 3, 2000 (date original charges were refiled until date French's motion to dismiss was heard).

The district court was correct in determining that 47 days elapsed between November 18, 1999, and January 3, 2000. However, the period between August 3 and 26, 1998, includes 23 days, not 22 days, and the period between June 22 and July 7, 1999, includes 16 days, not 13 days. Adding these three time periods together results in a total of 86 days that should be counted against the State, not 82 days as determined by the district court.

The primary burden is on the State to see that an accused is brought to trial within the time prescribed by the speedy trial act. *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial.

## CONCLUSION

French's right to a speedy trial has not been violated. The charges in the original complaint were dismissed when the amended complaint was filed. However, we note that 86 days had elapsed, rather than 82. The judgment of the Court of Appeals affirming the decision of the district court is affirmed.

AFFIRMED.