STATE BANK OF BEAVER CROSSING, APPELLANT, V. WILLIAM H. MACKLEY, APPELLEE.

FILED JULY 5, 1929. No. 26186.

*H. R. Ankeny,* for appellant.

*H. M. Sullivan* and *Squires & Johnson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

This case was first tried in the district court for Custer county wherein the State Bank of Beaver Crossing, hereinafter called plaintiff, sought recovery against Mackley, defendant, on two negotiable promissory notes. Judgment was rendered in favor of the defendant. On appeal to this court the judgment was reversed and the cause remanded, with directions to enter judgment for the plaintiff for the full amount of the notes in suit. A motion for rehearing was lodged and overruled, and a mandate issued. Thereafter defendant filed a motion "to recall the mandate issued herein, and to examine the record, motion for rehearing and brief in support thereof," and, upon the record as it then stood, it not appearing that action had been taken on such

mandate by the district court, the motion was sustained April 17, 1929. Thereupon the plaintiff filed a motion to vacate the foregoing order of this court, and, on the record as presented on this motion, it now appears that, after the cause was remanded to the district court, that court had taken action upon the mandate on February 12, 1929. Thus, at the time the aforesaid motion of defendant was sustained by this court, and for some time prior thereto, we had lost jurisdiction of the case because of the fact that the district court had taken action upon the mandate previously issued. *Horton v. State,* 63 Neb. 34; *State v. Lincoln Street R. Co.,* 80 Neb. 352, 355. It is not conceivable that both the supreme court and the district court could at the same time have jurisdiction of this cause. On the filing of the mandate in the district court, and some action being taken thereon by it, that court acquired jurisdiction, and this court lost any power thereafter to act in the case except upon a subsequent appeal.

It is urged, however, that on motion being filed on the part of the defendant, after we had sustained the motion to recall mandate and reconsider motion for rehearing, the district court reversed and set aside all its previous actions had and performed in pursuance to the mandate, and that by so doing the case then stood as though no action had ever been taken by it. To this view we cannot assent, because, when some action was taken by the district court upon the mandate, that court acquired exclusive jurisdiction of the cause and did not lose jurisdiction because of its vacating a previous order by it entered.

It follows that all proceedings had and orders made by this court, after the original mandate was filed in the district court and action first taken thereon, were without jurisdiction. The motion to vacate the order of April 17, 1929, is therefore sustained, and all orders made by the supreme court after the district court had taken action on the mandate, to wit, February 12, 1929, are hereby vacated and set aside, and the original judgment and mandate of this court are adhered to.

JUDGMENT ACCORDINGLY.