STATE OF NEBRASKA, APPELLEE, V.
WILLIAM D. KINSER, JR., APPELLANT.
588 N.W. 2d 794

Filed January 29, 1999.    No. S-98-469.

James R. Mowbray, of Nebraska Commission on Public Advocacy, and, on brief, Robin W. Hadfield for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Following a jury trial in the district court for Box Butte County, William D. Kinser, Jr., was convicted of first degree assault, second degree assault, and use of a weapon in the commission of a felony. Based upon its determination that the trial court erred in refusing to instruct the jury on the issue of self-defense, the Nebraska Court of Appeals reversed Kinser's convictions and remanded the cause for a new trial. We affirmed the judgment of the Court of Appeals in *State v. Kinser*, 252 Neb. 600, 567 N.W.2d 287 (1997). Following remand to the district

court, Kinser filed a motion to discharge based upon his contention that he was denied his statutory right to a speedy trial pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995). The motion was denied, and Kinser perfected this appeal. We affirm.

## BACKGROUND

The judgment of the Court of Appeals reversing Kinser's convictions and remanding the cause for new trial was entered on June 5, 1996. See *State v. Kinser*, 4 Neb. App. xxi (case No. A-95-922, June 5, 1996). We granted the State's petition for further review and affirmed the judgment of the Court of Appeals in an opinion filed on June 6, 1997. *State v. Kinser, supra.* We overruled the State's motion for rehearing on July 16, 1997.

We issued our mandate to the Court of Appeals on October 23, 1997, and the mandate of the Court of Appeals directed to the district court for Box Butte County was issued on the same date. It was received by the clerk of the district court on October 27. The mandate was spread upon the record of the district court on November 18. On December 10, the district court set trial for February 2, 1998. However, on January 12, 1998, the trial was continued to May at Kinser's request. Kinser filed his motion to discharge on April 28. Following a hearing, the district court denied the motion on May 5, and Kinser perfected this timely appeal, which was placed directly on our docket.

## ASSIGNMENT OF ERROR

Kinser assigns that the district court erred in overruling his motion to discharge.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). However, statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Bentley v. School Dist. No. 025*, 255 Neb. 404, 586 N.W.2d 306 (1998).

## ANALYSIS

Kinser's motion to discharge was filed pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 1995), which affords a mechanism for enforcement of the statutory right to speedy trial conferred by § 29-1207. See *State v. Gibbs, supra.* Resolution of a non-frivolous motion to discharge pursuant to § 29-1208 is a ruling affecting a substantial right made in a special proceeding and is therefore final and appealable. *State v. Gibbs, supra.*

Kinser argues that his right to a speedy trial following reversal of his convictions was violated by delays that are "attributable to the State and to the judicial system." Brief for appellant at 10. He contends that the State "dragged out the appeals process," *id.*, by its unsuccessful motion for rehearing following issuance of our opinion in *State v. Kinser, supra,* and that the mandate was not issued until approximately 3 months after our disposition of that motion. Because of these delays, Kinser contends that the 6-month period in which the State was required to retry him should be counted from June 6, 1997, the date on which our opinion was issued.

Kinser's argument is contrary to the statutory language which controls the issues presented in this appeal. Section 29-1207(1) provides: "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." The statute specifies two categories of events from which the 6-month period may be computed: The date the indictment is returned or the information filed, see § 29-1207(2), or "[i]f such defendant is to be tried again following a mistrial, an order for a new trial, or *an appeal* or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, *or the mandate on remand.*" (Emphasis supplied.) § 29-1207(3). Section 29-1207(4) specifies various periods of delay which "shall be excluded in computing the time for trial," including any "period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." § 29-1207(4)(b). Clearly, § 29-1207(4) does not specify when the 6-month clock begins to run, but, rather, those periods during which its running is tolled.

Kinser relies on *State v. Wilcox*, 224 Neb. 138, 140, 395 N.W.2d 772, 774 (1986), in which we stated: "Neither does judicial delay, absent a showing by the State of good cause, toll the [speedy trial] statute . . . ." *Wilcox* addressed the issue of whether delays by a trial court could be excluded from the 6-month period under § 29-1207(4). *Wilcox* is distinguishable from the present case, however, in that the clock was running at the time of the alleged delay. Here, Kinser is claiming that alleged delays occurring during the pendency of an appeal triggered the commencement of the 6-month period for retrial. We reject this argument because it is clear from the language of § 29-1207(3) that this 6-month period is triggered by the appellate court's mandate, not by the opinion which precedes the mandate. We need not determine whether any portion of the time during which Kinser's appeal was pending was an excludable period of delay under § 29-1207(4) because under the plain language of § 29-1207(3), the 6-month period was not running at the time of the alleged delays. Likewise, we need not determine whether delay during the pendency of an appeal would be relevant to a constitutional speedy trial claim, since Kinser asserts no such claim in this action.

The 6-month period in which the State was required to retry Kinser following his successful appeal therefore must be fixed by reference to the mandate which was issued pursuant to the appeal. Although § 29-1207(3) specifies that the period "shall commence to run from the date of . . . the mandate on remand," the statute does not state whether this refers to the date the mandate was issued by the appellate court, the date it was received by the district court to which the action is remanded for retrial, or the date on which such court first took action pursuant to the mandate.

In *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986), without commenting on the issue, we computed the 6-month period for retrial following remand from the date when the mandate was received by the district court. In *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998), we noted that retrial was scheduled well within 6 months from issuance of the mandate. However, in *State v. Belmarez*, 254 Neb. 436, 577 N.W.2d 255

(1998), we recognized a distinction between the date when the district court receives a mandate from an appellate court and the date when it acts on the mandate. We stated: "It is the general rule that once the trial court acts upon a mandate issued by this court, this court loses jurisdiction over the cause except upon a subsequent appeal." *Id.* at 441, 577 N.W.2d at 258. Relying upon the following language in *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 226 N.W. 318 (1929), we stated:

"It is not conceivable that both the supreme court and the district court could at the same time have jurisdiction of this cause. On the filing of the mandate in the district court, *and some action being taken thereon by it*, that court acquired jurisdiction, and this court lost any power thereafter to act in the case except upon a subsequent appeal."

(Emphasis supplied.) *State v. Belmarez*, 254 Neb. at 441, 577 N.W.2d at 258. Based upon these principles, we concluded that this court lacked jurisdiction to reinstate a previously dismissed appeal because the district court had conducted proceedings in the case following receipt of the mandate. We specifically noted that "the district court and this court could not have jurisdiction simultaneously." 254 Neb. at 443, 557 N.W.2d at 259.

In the present case, the mandate was issued by the clerk of this court on October 23, 1997, and filed in the district court on October 27. The district court first took action on the mandate by spreading it on the record on November 18, thus reacquiring jurisdiction from the appellate courts under our analysis in *Belmarez*. Since the district court could not retry Kinser until it had jurisdiction to do so, we hold that for purposes of § 29-1207(3), the date of the "mandate on remand" is the date on which the district court first takes action pursuant to the mandate, which in this case was November 18, 1997.

The original date established for Kinser's retrial was February 2, 1998, well within the 6-month period commencing on November 18, 1997. An excludable period of delay began on January 12, 1998, when the district court granted Kinser's motion to continue his trial to May 18. Thus, the 6-month period had not expired when Kinser filed his motion to discharge on April 28, and the district court did not err in overrul-

ing the motion. The judgment of the district court is therefore affirmed, and the cause is remanded for further proceedings.

AFFIRMED AND REMANDED FOR
FURTHER PROCEEDINGS.