STATE OF NEBRASKA, APPELLEE, V. LARRY G. BRACEY, APPELLANT.

621 N.W.2d 106

Filed January 12, 2001.   No. S-99-1136.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.
## FACTUAL AND PROCEDURAL BACKGROUND

Larry G. Bracey was charged in the county court with one count of child abuse and one count of third degree assault. Bracey waived his right to a jury trial. After a bench trial, the county court found Bracey guilty of third degree assault, acquitted him of child abuse, and sentenced Bracey to serve 30 days in jail. Bracey filed in the county court his notice of appeal to the district court on February 18, 1999. The county court suspended Bracey's sentence during the appeal process. On May 4, finding no error on the record, the district court affirmed the judgment and sentence of the county court. The district court's order stated that if no further appeal was filed within 30 days of the order, the clerk of the district court was to issue a mandate consistent with the order to the county court.

The record shows that, for reasons unknown, neither Bracey nor his attorney received notice of the district court's May 4, 1999, decision affirming the county court's judgment. Thirty days thereafter, no further appeal having been taken, the clerk of the district court issued a mandate to the clerk magistrate of the county court in accordance with the May 4 order. The county court then received the mandate, entered judgment thereon, and ordered Bracey to begin serving the sentence imposed.

When Bracey received the order from the county court directing him to surrender himself to serve his jail sentence and his attorney first received notice from the county court on June 22, 1999, that the district court had affirmed Bracey's conviction, Bracey immediately filed a motion in the district court to recall its mandate so that he could appeal the affirmance of his conviction. Bracey also filed a motion in county court to defer execution of the sentence while his motion to recall the district court's mandate was being considered in the district court.

Upon Bracey's motion to recall the mandate, the district court found that the county court's act of ordering Bracey to serve his sentence was not a "proceeding" sufficient to deprive the district court of jurisdiction to recall the mandate. On August 25, 1999, the district court entered an order to recall its mandate and allowed Bracey 30 days to file a notice of appeal in the district court. Bracey filed his notice of appeal in the district court on September 24 to challenge the assault conviction, and we, on our own motion, removed this matter to our docket.

## ASSIGNMENTS OF ERROR

Bracey assigns that the district court incorrectly determined that the county court did not err in (1) admitting out of court declarations by the victim in violation of the Nebraska rules of evidence and (2) finding the evidence sufficient to support the conviction.

## STANDARD OF REVIEW

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *State v. Beyer*, 260 Neb. 670, 619 N.W.2d 213 (2000).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.* The question presented in the instant case is whether the district court was divested of jurisdiction to recall the mandate it had issued to the county court after the county court took action upon the mandate by ordering Bracey to serve his sentence.

■ It is a well-established rule that, generally, once a trial court acts upon a mandate by an appellate court, the appellate court loses jurisdiction over the cause except upon a subsequent appeal. See *State v. Belmarez*, 254 Neb. 436, 577 N.W.2d 255 (1998). The same principle applies when a district court sits as an appellate court and issues a mandate to a county court. Thus, when a county court acts upon a mandate issued by a district court sitting as an appellate court, the district court loses jurisdiction over the cause except upon a subsequent appeal. See, *id.*; *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673 (1950); *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 226 N.W. 318 (1929).

In *State Bank of Beaver Crossing v. Mackley, supra*, we addressed a situation where we had ruled on a case and issued a mandate to the district court below. We recalled the mandate in that case because it appeared, at the time, that the district court had not acted upon our mandate. *Id.* However, it was subsequently discovered that the district court had taken action upon the mandate prior to our recall of the mandate. *Id.* Therefore, we stated that at the time we recalled the mandate and for some time prior to that date,

> we had lost jurisdiction of the case because of the fact that the district court had taken action upon the mandate previously issued. . . . It is not conceivable that both [an appellate court] and the [trial] court could at the same time have jurisdiction of this cause. On the filing of the mandate in the district court, and some action being taken thereon by it, that court acquired jurisdiction, and this court lost any power thereafter to act in the case except upon a subsequent appeal.

> . . . [W]hen some action was taken by the district court upon the mandate, that court acquired exclusive jurisdiction of the cause and did not lose jurisdiction because of its vacating a previous order by it entered.

*Id.* at 735, 226 N.W. at 318. In *State Bank of Beaver Crossing v. Mackley, supra,* because we had no power to act upon the case after the lower court had acquired jurisdiction, we vacated all actions we had taken after the district court had acted upon our original mandate.

In the case at bar, the district court determined that even though the county court had ordered Bracey to begin serving his sentence, there had been no "proceedings" per se in the county court prior to the county court's issuing the order for Bracey to serve the sentence. Thus, the district court concluded that the action taken by the county court had not deprived it of jurisdiction to recall the mandate, and the district court did, in fact, recall its mandate. Although we can appreciate why the district court may have attempted to fashion a remedy under the circumstances, we conclude that the district court did not have jurisdiction to recall its mandate in the instant matter.

The county court clearly took action on the district court's mandate when it ordered Bracey to serve his jail sentence. Indeed, it is difficult to think of a more definitive act that a lower court could take than the act of ordering a defendant to serve a jail sentence. At the time the county court acted upon the district court's mandate, it acquired exclusive jurisdiction and divested the district court of jurisdiction over the instant case. See *id.* It is not conceivable that both the district court and the county court could at the same time have jurisdiction of this case. See *id.*

■ Therefore, the district court did not have jurisdiction to recall its mandate from the county court as the county court acquired jurisdiction at the time it took action on the district court's mandate by ordering Bracey to serve his jail sentence. As a result, the district court's order recalling the mandate is void. We have held that as a necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a court lacking subject matter jurisdiction and was thus void, an appellate court has the power and duty to vacate the void order

and, if appropriate, remand the cause for further proceedings. *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999). Likewise, we conclude that as a necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order allowing the appeal to be filed out of time was entered by a court lacking jurisdiction to do so and was thus void, an appellate court has the power and duty to vacate the void order and, if necessary, remand the cause with appropriate directions.

## CONCLUSION

Because the district court did not have jurisdiction to recall the mandate it had issued to the county court, we vacate the district court's order recalling the mandate from the county court, dismiss the appeal, and remand the cause with directions to carry out the district court's original mandate. Bracey's remedy, if any, would be more appropriately sought in another action.

ORDER VACATED, APPEAL DISMISSED, AND
CAUSE REMANDED WITH DIRECTIONS.