STATE OF NEBRASKA, APPELLEE, V.
VERNON E. HAYES, JR., APPELLANT.
639 N.W.2d 418

Filed January 29, 2002.   No. A-01-574.

Dennis R. Keefe, Lancaster County Public Defender, and Kristi J. Egger Brown for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HANNON, SIEVERS, and MOORE, Judges.

SIEVERS, Judge.

Vernon E. Hayes, Jr., was charged with homicide by child abuse. He claims that judicial delay, a State's continuance, and an interlocutory appeal initiated by the State deprived him of his statutory and constitutional rights to a speedy trial. Hayes appeals from the order of the district court for Lancaster County which denied his motion to discharge on speedy trial grounds. We address the effect of the prosecution's interlocutory appeal of a trial court's order suppressing evidence on the speedy trial rights of a defendant, a matter of first impression.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 1998, Hayes was charged with homicide by child abuse, by an information filed in the district court for Lancaster County. He was arraigned on December 9, 1998, and his trial was set for February 22, 1999.

On January 7, 1999, Hayes filed motions to discover and to allow depositions. The court granted the motions. On March 26, Hayes filed a motion for a 60-day extension of time to take depositions. On April 1, in response to the motion, the court extended the deposition deadline to June 21, 20 days beyond Hayes' request.

On June 8, 1999, Hayes filed a motion to suppress statements he had made during interrogation by the police. When the matter came on for hearing on August 9, the State requested a continuance because the particular prosecutor involved had been assigned to the case only 1 week before the hearing. The new prosecutor told the court that she needed the continuance because she had not had adequate time to prepare for the hearing and because an FBI agent, formerly with the Lincoln Police Department, had to be

flown in to testify. The continuance was granted over Hayes' objection, and the court noted that it would determine later, if the need should arise, whether the time used by the State's continuance would be charged to the State. The hearing on Hayes' motion to suppress was continued to September 8. The hearing actually began on September 29, having been continued by the court from September 8. The judge's bailiff testified that the judge was unavailable on September 8 due to vacation. The bailiff testified that it would have been her practice to set the hearing for the next available date and that she "[p]robably" did so. However, the bailiff could not testify with absolute certainty that September 29 was in fact the next available date.

The evidence was not concluded on September 29, 1999, so the suppression hearing was scheduled to continue on October 14. But Hayes' counsel was ill, and the hearing was continued to November 19. The hearing was concluded on November 19. On May 9, 2000, the court sustained Hayes' motion to suppress.

The State appealed the court's decision to suppress Hayes' statements to a single judge of this court pursuant to Neb. Rev. Stat. § 29-824 (Cum. Supp. 2000). See *State v. Hayes*, No. A-00-515, 2000 WL 1701666 (Neb. App. Nov. 14, 2000) (not designated for permanent publication). The Honorable Everett O. Inbody affirmed the district court's judgment by an opinion released November 14, 2000. The mandate was issued on December 19. On December 21, the district court entered judgment on the mandate and allowed the State to endorse 19 additional witnesses.

On December 29, 2000, Hayes filed a motion to allow depositions of the new witnesses and a motion for change of venue. Hayes was also given leave at that time to reopen a previous rule 404 motion, see Neb. Evid. R. 404, Neb. Rev. Stat. § 27-404 (Reissue 1995), and the State was ordered to disclose any potential rule 404 evidence to Hayes. The motion to allow depositions was granted that day. The State made a motion on January 19, 2001, to endorse additional witnesses, and that motion was heard on January 22. The change of venue motion was also heard on January 22.

After disclosure from the State, the court determined that a rule 404 hearing was necessary with respect to three witnesses.

A 2-day rule 404 hearing was scheduled for March 14, 2001, which continued on March 15, and ultimately was finished on March 22. The court ordered simultaneous written arguments to be submitted on April 6 and simultaneous written replies to be submitted on April 13. The judge's minutes indicate that an order was filed on the motion on May 15, but the order is not contained in the transcript.

On May 3, 2001, Hayes filed a motion to discharge on speedy trial grounds. The court denied Hayes' motion for change of venue on May 11. The motion to discharge was heard on May 8, and it was also denied on May 11. Hayes appeals.

## II. ASSIGNMENT OF ERROR

Hayes claims that the district court erred in overruling his motion for absolute discharge on speedy trial grounds under the speedy trial act, Neb. Rev. Stat. §§ 29-1207 through 29-1209 (Reissue 1995), as well as under the Nebraska and U.S. Constitutions.

## III. STANDARD OF REVIEW

■ As a general rule, the trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999); *State v. Miller*, 9 Neb. App. 617, 616 N.W.2d 75 (2000).

Constitutional interpretation and interpretation of a statute present questions of law. See, *State v. Garza*, 256 Neb. 752, 592 N.W.2d 485 (1999); *Father Flanagan's Boys Home v. Dept. of Soc. Servs.*, 255 Neb. 303, 583 N.W.2d 774 (1998). In connection with questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999).

## IV. ANALYSIS

### 1. Statutory Speedy Trial

■ The purpose of Nebraska's speedy trial act is protection of an accused from a criminal charge pending for an undue length of time. *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991).

Section 29-1207(1) and (2) provides that "[e]very person . . . informed against . . . shall be brought to trial within six months" and that the "six-month period shall commence to run from the date . . . the information [is] filed." However, Neb. Rev. Stat. § 29-1607 (Reissue 1995) provides that "[n]o information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor . . . ."

The Nebraska Supreme Court held in *State v. Boslau, supra,* that these two statutes, read together, mandate that when an information is filed directly in the district court, the 6-month speedy trial clock begins to run when the district court finds probable cause at a preliminary hearing or when the defendant waives the preliminary hearing. *State v. Thompson,* 10 Neb. App. 69, 624 N.W.2d 657 (2001).

The information against Hayes was filed in the district court, but there is no indication in the record that a preliminary hearing ever took place. Nor is there a waiver of the preliminary hearing in our record. Therefore, we calculate the time in which to try Hayes from the date of the information, as did the district court. This is the date most favorable to Hayes.

Speedy trial time is calculated by excluding the date the information was filed, counting forward 6 months, backing up 1 day, and then adding the excludable time periods to that date. See, *State v. Sumstine, supra; State v. Jones,* 208 Neb. 641, 305 N.W.2d 355 (1981); *State v. Borland,* 3 Neb. App. 758, 532 N.W.2d 338 (1995). The information against Hayes was filed on December 4, 1998, making May 4, 1999, the latest permissible trial date, before the addition of excludable time periods. Hayes filed his motion for discharge on May 3, 2001, some 30 months after the information was filed.

To avoid the defendant's absolute discharge from the offense charged, the State, by a preponderance of the evidence, must prove the existence of a period of time which is authorized to be excluded in computing the time for commencement of the defendant's trial in accordance with the speedy trial act. §§ 29-1207(4) and 29-1208; *State v. Sumstine, supra.* Section 29-1207(4)(a) provides that in computing the time for trial, we exclude "the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence,

motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue."

### (a) State's Continuance While Hayes' Motion to Suppress Was Pending

The trial court excluded the entire period from June 8, 1999, the date on which Hayes filed his motion to suppress, until May 9, 2000, the date on which the trial court ruled on the motion. It did not, however, specifically discuss the continuance given to the State within that timeframe. Hayes therefore argues that "[t]he District Court did not specifically find good cause for the continuance requested by the State on August 9, 1999, as none existed, and the time from August 9, 1999, to September 29, 1999, should not be excluded in calculating speedy trial time." Brief for appellant at 18.

Section 29-1207(4)(a) specifically excludes "the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence." The trial court was not required to do a good cause analysis with respect to the continuance requested by the State on August 9, 1999, because it occurred within an already running excludable period occasioned by Hayes' motion to suppress. A time period absolutely excluded by § 29-1207(4)(a) does not implicate § 29-1207(4)(f) (delays not specifically enumerated within statute may be excluded only for good cause). See *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997) (holding that where excludable period properly falls under § 29-1207(4)(a) rather than catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude delay).

The State's continuance was properly excluded under § 29-1207(4)(a) because it fell within a timeframe which was already excluded by the pendency of Hayes' motion to suppress.

### (b) Briefing Extensions Included Within Time for Motion to Suppress

According to the trial judge's minutes, on January 6, 2000, the court extended the briefing schedule on Hayes' motion to suppress, making the simultaneous replies due on January 31 instead of January 17 as it had ordered on November 19, 1999. Hayes argues that the time from January 17 to 31, 2000, should

be included in the speedy trial time. The same analysis as above controls as the time for briefing was encompassed in the time for resolution of Hayes' motion to suppress.

### (c) Appeal of Motion to Suppress by Prosecution

Hayes contends that the period of time while the State's appeal of the district court's order sustaining his motion to suppress was pending in this court on single-judge appellate review cannot be excluded from the speedy trial calculation. Hayes focuses on the period from May 9, 2000, when his motion to suppress was sustained in the district court, to December 21, 2000, when the district court entered judgment on this court's mandate. Nebraska courts have not yet specifically addressed whether the time for an interlocutory appeal, initiated by the State, is excludable time from the 6-month speedy trial period. Other jurisdictions provide guidance.

In *State v. Young*, 136 Idaho 113, 29 P.3d 949 (2001), the Supreme Court of Idaho held that the State's interlocutory appeal from an order excluding evidence justifies a delay in the trial under the speedy trial statute, because if the evidence was erroneously excluded and, as a result, the defendant was acquitted, a later appeal could not correct that error.

The Supreme Court of Kansas has said: "We hold that from the time the State files its timely notice of interlocutory appeal, pursuant to K.S.A. 22-3603, the statutory speedy trial provisions are tolled until the mandate is received by the trial court." *State v. Brown*, 263 Kan. 759, 762-63, 950 P.2d 1365, 1368 (1998).

Likewise, the Superior Court of Pennsylvania has held that "excusable delay" for purposes of its speedy trial statute includes delay caused by appellate review of pretrial motions, even if initiated by the State. *Com. v. DeBlase*, 542 Pa. 22, 31, 665 A.2d 427, 431 (1995).

In the instant matter, the trial court noted that § 29-1207(4)(a) excludes the time until "final disposition" of the defendant's pretrial motion and that final disposition did not occur until the appeal was over. While we are required to reach a conclusion independent of the trial court on questions of law, *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001), the trial court's interpretation of § 29-1207 is correct.

In *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), the court held that a defendant's pretrial motion is finally disposed of on the date that it is granted and that the excludable period attributable to such a motion is calculated from the date the motion was filed until the date the motion was granted. The *Ward* court then addressed the effect of an interlocutory appeal:

> We have held, with reference to § 29-1207(3), that the 6-month period in which the State is to retry a defendant following a successful appeal is fixed by reference to the date on which the district court first takes action pursuant to the mandate of the appellate court. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999). Our rationale for that holding was that the date of the district court's first action on the mandate was the date on which the district court had reacquired jurisdiction over the case from the appellate courts. *Id*. See, also, *State v. Belmarez*, 254 Neb. 436, 577 N.W.2d 255 (1998).
>
> This rationale also dictates that where further proceedings are to be had following an interlocutory appeal, for speedy trial purposes, the period of time excludable due to the appeal concludes when the district court first reacquires jurisdiction over the case by taking action on the mandate of the appellate court.

257 Neb. at 386, 597 N.W.2d at 620-21.

The interlocutory appeal in *Ward* was initiated by the defendant, but the foregoing holding and rationale apply equally to interlocutory appeals commenced by the State. In this way, regardless of whether the State or the defendant appeals a district court ruling on a defendant's motion, the time until the appellate court has concluded its review is excluded. In the case of a defendant's successful motion in the district court to suppress evidence, the motion is not finally granted or determined, unless there is no appeal, until a judge of the Court of Appeals has decided the matter under Neb. Rev. Stat. § 29-116 (Cum. Supp. 2000). The time from the defendant's filing of such a motion until final determination is excluded in the speedy trial calculation.

Finally, the State's right to appeal would be largely a nullity if the speedy trial clock were running during an appeal's pendency. This concern has been noted in other jurisdictions where the State has a statutory right to appeal. See, e.g., *State v. Brown*,

*supra.* Indeed, it would be a perverse result if the appellate judge were to reverse the suppression, but no time was left on the speedy trial clock because it had been running while the State sought reversal of a suppression order. In short, to avoid rendering the State's statutory right to appeal suppression orders meaningless, we hold that the speedy trial clock does not run while the State pursues such an appeal.

As a result, the 561 days from June 8, 1999, when Hayes filed the motion to suppress, until December 21, 2000, when the district court acted on this court's mandate, are excluded from the speedy trial calculation.

### (d) Alleged Judicial Delay

Hayes argues that the trial court unreasonably delayed from November 19, 1999, the last day of testimony before the district court on the motion to suppress statements, to May 9, 2000, when the district court ruled on the motion to suppress, and during the time from submission of the motion for change of venue on January 22, 2001, to its denial on May 11, 2001. Hayes relies on *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986), to argue that absent a showing by the State of good cause, judicial delay does not stop the running of the 6 months in which the State has to try the defendant, and he suggests we apply the Case Progression Standards for district courts.

*Wilcox* is distinguishable here in exactly the same way that the Nebraska Supreme Court distinguished it in *State v. Kinser*, 256 Neb. 56, 59, 588 N.W.2d 794, 797 (1999), where the court made it clear that § 29-1207(4) does not specify when the 6-month clock begins to run, but, instead, those periods during which its running is delayed.

> Kinser relies on *State v. Wilcox*, 224 Neb. 138, 140, 395 N.W.2d 772, 774 (1986), in which we stated: "Neither does judicial delay, absent a showing by the State of good cause, toll the [speedy trial] statute . . . ." *Wilcox* addressed the issue of whether delays by a trial court could be excluded from the 6-month period under § 29-1207(4). *Wilcox* is distinguishable from the present case, however, in that the clock was running at the time of the alleged delay. Here, Kinser is claiming that alleged delays occurring during the

pendency of an appeal triggered the commencement of the 6-month period for retrial. We reject this argument because it is clear from the language of § 29-1207(3) that this 6-month period is triggered by the appellate court's mandate, not by the opinion which precedes the mandate. We need not determine whether any portion of the time during which Kinser's appeal was pending was an excludable period of delay under § 29-1207(4) because under the plain language of § 29-1207(3), the 6-month period was not running at the time of the alleged delays.

The "judicial delays" about which Hayes complains occurred while the "clock was stopped," because they occurred while his motion to suppress was pending and before its final determination. We reiterate the rule from *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997), that excludable time periods because of a defendant's motion falling within the ambit of § 29-1207(4)(a) do not involve, or require, consideration of whether any delay inherent in the resolution of the motion was reasonable. Therefore, the Case Progression Standards do not affect this case.

### (e) Trial Court's Addition of Time to That Requested by Hayes

Hayes complains of the 20-day period from June 1 to 21, 1999, which the court added to the 60 additional days it granted, at Hayes' request, for the taking of depositions. The time during which depositions are being taken, after a motion to do so has been granted, is not excluded time under § 29-1207(4)(a), but may be excluded under § 29-1207(4)(f), depending on whether there is good cause for such delay because of the taking of depositions. *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998). The trial court excluded the first 60 days, finding good cause and citing *Murphy, supra.* No error is assigned to that decision, but we wanted to clarify why we exclude the first 60 days while depositions were being taken in our final resolution of this case.

The trial court also noted in its order deciding the motion for discharge that June 21, 1999, was the first day of the first regularly scheduled jury term following the requested extension. The

court also excluded the extra 20 days for good cause under § 29-1207(4)(f) because Hayes' trial "could not have started before June 21, 1999 (unless the Court were to call a special jury term)." The defendant must accept delay as a consequence of making pretrial motions for purposes of the speedy trial statute, where the delay is not inordinate or unreasonable. § 29-1207(4)(a); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). However, the analysis of this issue by the district court fails to take into account the fact that on June 8, 1999, Hayes filed his motion to suppress, which without question starts a period of excludable time. Thus, the 20 days really are not at issue, as it is only the time from June 1 until the motion to suppress was filed on June 8, a period of only 7 days, that is conceivably includable time. Under Neb. Rev. Stat. § 27-201 (Reissue 1995), the court was entitled, without request, to take judicial notice of its own jury term scheduling as a "fact . . . not subject to reasonable dispute" because it was "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The absence of a regularly scheduled jury term is certainly good cause for delay, and a 7-day period is not inordinate or unreasonable. See *State v. Borland, supra.*

To get a trial started before June 8, 1999, meant that there were only 7 days for the court to call a special jury, even if that were reasonable and necessary, which it is not. We are aware that holding a jury trial outside of the regular jury term is a complex undertaking, with associated additional costs. Given that only 7 days are involved and the difficulty of convening a special jury, there was plainly good cause to add what turns out to be only 7 days to Hayes' requested continuance because a special jury setting was not required. The time from June 1 to 8 was properly excluded.

## 2. RESOLUTION

Having excluded all time periods which Hayes claims are attributable to the State, we find that Hayes' statutory right to a speedy trial was not infringed. We conclude this portion of our opinion by calculating, in summary fashion, the excluded and the included days under the Nebraska speedy trial act:

| December 4, 1998 | Information filed. |
| March 26, 1999 | Hayes' motion for additional time to take depositions filed. **114 days included** |
| April 1, 1999 | Hayes' extra time to take depositions running. |
| June 8, 1999 | Hayes' motion to suppress filed. **69 days excluded** |
| June 9, 1999 | Motion to suppress pending. |
| December 21, 2000 | District court acts on Court of Appeals mandate re suppression. **561 days excluded (extra day for leap year)** |
| December 29, 2000 | Hayes' motion to reopen rule 404 hearing. **8 days included** |
| December 30, 2000 | Rule 404 hearing at Hayes' request pending. |
| May 3, 2001 | Hayes files motion to discharge. **125 days excluded** |

Totals as of filing date of motion to discharge:

**122 days included**

**755 days excluded**

Consequently, when Hayes filed his motion to discharge, only 122 days of the allowable 6 months had run. Thus, the trial court properly denied the motion to discharge on statutory grounds. Obviously, the time while Hayes' appeal of the motion to discharge has been pending before this court is excluded.

### 3. CONSTITUTIONAL SPEEDY TRIAL

The constitutional right to a speedy trial is found in U.S. Const. amend. VI and Neb. Const. art. I, § 11. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992).

In *United States v. Loud Hawk*, 474 U.S. 302, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986), the U.S. Supreme Court applied a four-part balancing test to determine whether interlocutory appeals infringed upon a defendant's right to a speedy trial. The

test, adopted from *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), assesses the length of delay, the reason for the delay, the defendant's assertion of his or her right, and prejudice to the defendant. According to the Supreme Court, the *Barker* test furnishes the flexibility to take account of the competing concerns of orderly appellate review on the one hand and a speedy trial on the other. Determining whether a defendant's constitutional right to a speedy trial has been violated requires the same balancing test under the Nebraska Constitution as under the federal Constitution. The courts must approach each case on an ad hoc basis. None of the four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Rather, the factors are related and must be considered together with other circumstances as may be relevant. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997); *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989).

Hayes first claims that the period of delay was excessive in light of the reason for the delay: "Several months went by with the District Court taking certain defense motions under advisement, exceeding the periods allowed under the Case Progression Standards . . . . Over seven months of the time . . . was spent in the State's interlocutory appeal . . . ." Brief for appellant at 21. As reflected in the resolution of the statutory claim, the great majority of the time since the filing of the information has been consumed by obtaining final resolutions of motions made by Hayes. Thus, the question really boils down to whether the State unreasonably delayed the resolution of Hayes' motions.

Hayes' motion to suppress was of great significance for both the defense and the State, and it consumed a considerable amount of time in the trial court—from June 8, 1999, through May 8, 2000, or approximately 11 months. However, the record reveals that there was no inordinate or unreasonable delay as the motion progressed to disposition. A review of the procedural history of the motion to suppress shows that in August 1999, the State requested a continuance because a different prosecutor had been assigned, a perfectly reasonable request. In September, the motion was heard, though later in that month than originally planned because the court was closed for vacation. In October,

the court attempted to resume the hearing, but Hayes' counsel was ill; in November, the court resumed and concluded the hearing. Briefs were due at the end of January 2000, and the court entered its order on May 9, 2000. In light of the importance of the motion to both sides and the complexity of the issues involved in the motion to suppress, we cannot say that the trial court delayed unreasonably in disposing of the motion.

On December 29, 2000, Hayes filed a motion to allow taking of depositions of newly endorsed witnesses and a change of venue motion. These motions were heard on January 22, 2001, consuming an additional month. But, additionally, at Hayes' request on December 29, 2000, the rule 404 hearing was reopened. The rule 404 hearing was held on March 14, 15, and 22, 2001, but briefing was not completed until April 13, and the matter was still under advisement less than 1 month later when Hayes filed his motion for discharge on May 3.

■ Much of the "delay" Hayes attributes to the State occurred during timeframes when Hayes' pretrial motions were being handled by the court. The State's motion for continuance in August 1999 was to get a new prosecutor involved and prepare as well as to transport a material witness from out of state for his testimony. The continuance was granted during the pendency of Hayes' motion to suppress. The State then appealed the court's ruling on the motion to suppress in an attempt to retain evidence important to its case. After our review of Judge Inbody's opinion upholding the suppression, we cannot conclude that the appeal was taken for the purpose of delay or in bad faith. The suppression issue was complex. The State's subsequent request to endorse additional witnesses was necessary because key evidence was eliminated by Judge Inbody's affirmance. In any event, as the trial court pointed out in its order, "the additional discovery, including the 404 hearing, [was] accomplished while the case was delayed, anyway, by the Defendant's motion to change venue." An accused cannot generally take advantage of a delay in being brought to trial where the accused is responsible for the delay by either action or inaction. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

■ The district court order noted that under *United States v. Loud Hawk*, 474 U.S. 302, 106 S. Ct. 648, 88 L. Ed. 2d 640

(1986), certain factors, if present, may tilt the balance in favor of the defendant in a constitutional speedy trial challenge. For instance, the State's unreasonableness or bad faith in bringing about delays may mitigate in favor of the accused. In this case, however, it is clear that the prosecution did not act unreasonably or in bad faith. We cannot agree with Hayes that the State's unsuccessful appeal is prima facie evidence of its unreasonableness. *United States v. Loud Hawk, supra*, does note that winning an appeal is prima facie evidence of its reasonableness. But the Court does not indicate that the converse is necessarily true, and to us, that proposition would be inherently illogical. We conclude that absent undisputed facts and settled law, which would unquestionably make the evidence in dispute subject to suppression, the State's appeal from a district court's suppression order cannot, as a general rule, be considered to have been in bad faith. That clearly does not apply here. Our examination of Judge Inbody's decision reveals the complexity of the suppression issue, and even though the State was unsuccessful, it cannot be said that the appeal was in bad faith. Thus, appealing the decision was reasonable, as was the need to endorse additional witnesses upon Judge Inbody's affirmance.

The third factor, Hayes' assertion of his right to a speedy trial, weighs in Hayes' favor. It is clear that Hayes asserted his right at key moments during the trial, i.e., when the State requested a continuance.

The fourth factor in the balancing test is prejudice to the defendant. Hayes argues that his "due process rights were negatively affected and his speedy trial rights denied," particularly by the State's endorsement of additional witnesses. Brief for appellant at 24. But, the need for additional witnesses flows directly from Hayes' successful motion to suppress, which obviously weakened the State's case. Adding witnesses, after other evidence is suppressed, is not the sort of prejudice which we believe the Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), had in mind. There is no hint that the delay caused Hayes' defenses to be weakened, that he lost favorable evidence or witnesses, or that he otherwise was in a worse position as a result of the delay during the State's appeal, which would be the sort of prejudice the Court in *Barker* meant. In fact, winning the

appeal improved his situation because Judge Inbody's decision was the final word—and it was favorable to Hayes.

Finally, Hayes argues he was prejudiced by delay because he "has been incarcerated the entire time that the case has been pending." Brief for appellant at 24. While we are not insensitive to the length of time Hayes has spent in jail awaiting trial, most of the additional time was a direct result of Hayes' own defense strategy and, of course, is only really prejudicial should he be found not guilty.

As said earlier, an accused cannot generally take advantage of a delay in being brought to trial where the accused is responsible for the delay by either action or inaction. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Forgoing the motion to suppress and taking his chances on a quick trial and perhaps getting out of jail was an option which Hayes eschewed in favor of litigating about the admissibility of his statements. We can find no prejudice whatsoever to Hayes, except his incarceration, which is really the result of being bound over for trial and being unable to make bail rather than delay in the litigation process.

After considering the four factors from *Barker v. Wingo, supra*, we find that only one, the assertion of the right to a speedy trial, cuts in Hayes' favor. Therefore, we agree with the trial court that Hayes' constitutional right to a speedy trial was not infringed.

AFFIRMED.